[No. 2514]

THE STATE OF NEVADA, EX REL. GEORGE THATCHER, SR., AND GEORGE THATCHER, JR., WHOSE TRUE NAME IS GEO. B. THATCHER, RESPONDENTS, v. JUSTICE COURT OF RENO TOWNSHIP, WASHOE COUNTY, STATE OF NEVADA, AND SIDNEY C. FOSTER, AS JUSTICE OF SAID COURT, APPELLANTS.

[207 Pac. 1105]

1. CERTIORARI—JURISDICTION OF COURT IS LIMIT OF INQUIRY UPON CERTIORARI.
    The limit of inquiry upon certiorari is the question of the jurisdiction of the court.

2. JUSTICES OF THE PEACE—COPY OF COMPLAINT SERVED ON DEFENDANT MUST BE CERTIFIED AS BEING A TRUE COPY IN ORDER TO GIVE COURT JURISDICTION TO ENTER DEFAULT JUDGMENT.
    Where the copy of complaint served personally on defendant was not certified by the justice or the attorney for plaintiff to be a true and correct copy of the complaint on file in the justice court, the justice acquired no jurisdiction, and hence had no power or authority to render a default judgment against defendant.

3. JUSTICES OF THE PEACE—WANT OF PROCESS CANNOT BE WAIVED.
    The rule that, where one against whom a judgment has been rendered by default without a valid service of process appears to ask that the default be set aside and for leave to answer on the merits, he thereby waives want of process, does not apply where the copy of the complaint served on defendant was not certified as being a true copy of the complaint on file in the justice court.

4. ELECTION OF REMEDIES—REMEDIES HELD NOT INCONSISTENT.

That defendant in an action in a justice court appeared and asked that the default judgment against him be set aside on the ground of inadvertence and excusable delay did not preclude him from setting up in a certiorari proceeding that the justice was without jurisdiction to render the judgment because of invalid process, as there was nothing inconsistent between the remedies.

5. ELECTION OF REMEDIES — ONE MUST RESORT TO ONE OF TWO INCONSISTENT REMEDIES TO CONSTITUTE AN ELECTION.

The very essential of election is that a party must resort to one of two inconsistent remedies.

6. ESTOPPEL—ONE MUST HAVE CHANGED HIS POSITION TO HIS DETRIMENT BY CONDUCT OF THE OTHER PARTY.

An essential to the invoking of the doctrine of estoppel is that a party has, by the conduct of the other party. been induced to change his position to his detriment.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

Certiorari proceeding by the State of Nevada, on the relation of George Thatcher and others, against the Justice Court of Reno Township, Washoe County, and Sidney C. Foster, Justice. Judgment for petitioners, and respondents appeal. **Affirmed.**

*Augustus Tilden,* for Appellants:

The contents of the answer to the petition for the writ of certiorari stand as the admitted facts in this case. Petitioners lost their remedy by certiorari, by lapse of time and laches, in that they speculated on the result of their motion for relief from the judgment on the grounds of inadvertence and excusable neglect before making application for the writ, and by said speculation put appellant to the trouble and expense of defending said application for relief; by applying to the justice court for relief from the judgment, and pursuing said application to a decision, they conclusively elected to affirm the validity of the judgment; by moving on the two specific grounds of inadvertence and excusable neglect, they waived and abandoned all other existing grounds, and estopped themselves to set up the invalidity of the judgment.

Petitioners cannot claim that the justice court did not have jurisdiction to hear their application for relief because the process was void. "Their appearance brought them within the jurisdiction of the court for all future proceedings." Woodman v. Anderson, 73 Pac. 536. The rule that one may affirm or disaffirm a contract, but may not do both, applies to remedies. Moore v. Mfg. Co., 42 Nev. 164; Piper v. Railroad, 75 Atl. 1041. "It is not competent to a party to assent to a proceeding in the court below, take his chances of success, and upon failure come here and object that the court below had no authority to take the proceeding." Mays v. Fritton, 20 Wall. 414; Sentines v. Ladew, 140 N. Y. 463; Gamble v. Silver Peak, 35 Nev. 319; Grant v. Grant, 38 Nev. 185; Crosby v. Mfg. Co., 23 Nev. 70; Scott v. Day, 142 Pac. 625.

The remedy actually pursued by petitioners presupposed the validity of the judgment. Wharton v. Harlan, 9 Pac. 727; Perry v. District Court, 42 Nev. 284. This was necessarily a waiver of its invalidity. "When waived it is no longer an element in the case." National Bank v. Trust Co., 227 Fed. 526.

"An election, once made between coexisting remedies which are inconsistent, is not only irrevocable, * * * but it is also conclusive and constitutes an absolute bar in any action, suit, or proceeding based upon a remedial right inconsistent with that asserted by the election." 20 C. J. 38. Petitioners' waiver of invalidity is necessarily implied by their election' of a remedy based on validity; but waiver operates even without the presence of the element of repugnancy. Stating of two grounds is a waiver of all other grounds, whether or not repugnant. Fowler v. Casualty Co., 124 Pac. 479. Waiver of invalidity is in legal effect the precise equivalent of full validity. 3 Elliott, Contracts, sec. 2050. Estoppel to deny validity is in legal effect the precise equivalent of full validity. Allen v. Hance, 118 Pac. 527. "Some consistency is necessary to the validity of legal proceedings." In Re Meyer, 131 N. Y. Supp. 27.

Laches plus detriment equals estoppel. 16 Cyc. 152. Election plus detriment equals estoppel. 20 C.˙ J. 4. Waiver plus detriment equals estoppel. 16 Cyc. 805. "That a party seeking relief in equity from a justice's judgment has been guilty of negligence, laches, or delay in protecting his rights, is good ground for the refusal of relief." 24 Cyc. 607. "If private injustice will result from granting the writ [of certiorari] after the delay, it will ordinarily be refused." 11 C. J. 147.

Expenditures and labor incurred in resisting petitioners' application to the justice court for relief from the judgment constitutes that detrimental change of position which ripens waiver and election into estoppel. Bigelow, 6th ed. pp. 696, 790. "Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditures." Meister v. Birney, 24 Mich. 435; Myers v. Byars, 12 South. 430.

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Respondents:

This is an appeal from a judgment granting a writ of certiorari by the district court, reviewing the judgment of the justice court of Reno township, wherein Augustus Tilden was plaintiff and George Thatcher, Sr., and George Thatcher, Jr., were defendants. The complaint was not certified by the justice, nor by any other person, as being a true copy. It was admitted in the certiorari proceedings that no service had been made of a certified copy of the complaint.

Failure to certify the complaint deprives the justice court of jurisdiction. There is no denial on the part of appellants that there was an absolute absence of jurisdiction on the part of the Reno justice court to enter judgment against the defendants in that court. Martin v. Justice Court of Elko Township, 44 Nev. 140, 190 Pac. 977. "A void judgment is, in reality, no judgment at all. It is a mere nullity. * * * It is supported by no presumptions, and may be impeached in any action, direct or collateral." Black on Judgments. A

void judgment, "being worthless in itself, all proceedings founded upon it are equally worthless." Freeman on Judgments, par. 117. "A judgment rendered by a court having no jurisdiction, either of the parties or the subject-matter, is a mere nullity, and will be so held and treated whenever and for whatever purpose it is sought to be used or relied on as a valid judgment." 23 Cyc. 681; State v. Bates, 61 Pac. 905.

The justice court had no jurisdiction to review the judgment on the question of jurisdiction. Being a creature of statute, its sole power was limited to the right to relief from a judgment taken through excusable neglect, as expressly conferred. Rev. Laws, 5742; Weimer v. Southerland, 15 Pac. 849; Simmons v. Justice Court, 59 Pac. 296; Shaw v. Rowland, 5 Pac. 146.

The doctrine of election of remedies has no application unless there has been an election between two inconsistent remedies. The courses pursued by petitioners are not inconsistent with each other. The parties to the proceeding in the justice court are equally charged with a knowledge of the law. Both plaintiff and defendant are presumed to know that the judgment rendered was a void judgment. A void judgment is, however, efficacious until its execution is restrained. Pitkin v. Burnham, 87 N. W. 160.

The doctrine of estoppel has no application to the instant case, as respondents failed to successfully maintain their motion for leave to defend. Successful maintenance of a prior claim or position is essential before the doctrine of estoppel can be urged in judicial proceedings. 21 C. J. 1223; Strathleven Co. v. Baulch, 249 Fed. 214; Davis v. Wakelee, 156 U. S. 681.

*Per Curiam:*

This is an appeal from a judgment rendered in a proceeding in certiorari and from an order denying a new trial therein.

The undisputed facts are that Augustus Tilden obtained a judgment by default against relators in the

justice court of Reno township for their failure to appear, answer, or demur. Seventeen days after the rendition and entry of the judgment, the relators moved in said justice court to have the judgment set aside and vacated, upon the ground of inadvertence and excusable neglect. The justice denied the motion, and thereafter they sued out a writ of certiorari to review the judgment. Upon the return to the writ and the answer of Augustus Tilden to the petition therefor, the reviewing court decided and held the judgment to be void for want of jurisdiction. Counsel for appellant asserts that the judgment is against law, and that the evidence is insufficient to support the judgment.

1. The rule is so well established that the limit of the inquiry upon certiorari is the question of the jurisdiction of the court, that it should never again be questioned, directly or indirectly, in this jurisdiction. Ignoring, then, all errors of law and the insufficiency of evidence except in so far as they relate to the question of jurisdiction, we shall inquire whether the return shows that the justice court exceeded its jurisdiction.

2. It is conceded that the copy of the complaint served personally upon relator was not certified by the justice or the attorney for plaintiff to be a true and correct copy of the complaint on file in the justice court. The reviewing court, upon the authority of Martin v. Justice Court of Elko Township, 44 Nev. 140, 190 Pac. 977, held this to be a jurisdictional requirement, and that the justice was without jurisdiction, power, or authority to render the judgment.

3. Counsel for appellant does not question this authority, but invokes the rule that if one against whom a judgment has been rendered by default without a valid service of process appears to ask that the default be set aside and for leave to answer on the merits, he thereby waives the want of process. It is not for want of process that relators attack the judgment, but for the failure of the plaintiff or the justice to comply with what the court held in the Martin case to be a jurisdictional requirement of the statute.

This court, in Iowa M. Co. v. Bonanza M. Co., 16 Nev. at page 73, said:

"There is a marked, and in many respects, important and substantial distinction, between defects in practical proceedings, which constitute mere irregularities, or such as render the proceeding a total nullity and altogether void. Where the proceeding adopted is that prescribed by the practice of the court, and the error is merely in the manner of conducting it, such an error is an irregularity, and may be waived by the laches or subsequent acts of the opposite party; but where the proceeding is altogether unwarranted, totally dissimilar to that which the law authorizes, then the proceeding is a nullity, and cannot be made regular by any act of either party."

We are not disposed to change the rule thus adopted. Sustaining the rule are: Baskins v. Wylds, 39 Ark. 347; Southern B. & L. Assn. v. Hallum, 59 Ark. 583, 28 S. W. 420; Correll v. Greider, 245 Ill. 378, 92 N. E. 266, 137 Am. St. Rep. 327; Mills v. State, 10 Ind. 114; Osborn v. Cloud, 21 Iowa, 238; Boals v. Shules, 29 Iowa, 507; Mayfield v. Bennett, 48 Iowa, 194; Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. St. Rep. 657; Roberts v. Railway Co., 48 Minn. 521, 51 N. W. 478; Spencer v. Court of Honor, 120 Minn. 422, 139 N. W. 815; McGuinness v. McGuinness, 72 N. J. Eq. 381, 68 Atl. 768; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095. And see Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708.

4, 5. We do not think there is any ground for the contention that there was such an election of remedies as precluded the prosecution of this proceeding. The very essential of election is that a party must resort to one of two inconsistent remedies. Robertson v. Robertson, 43 Nev. 50, 180 Pac. 122, 187 Pac. 929. There is nothing inconsistent between the remedy resorted to in the justice court and in this proceeding.

6. As to the contention of estoppel, we need only say that an essential to the successful invoking of the doctrine of estoppel is that a party has, by the conduct of

the other party, been induced to change his position to his detriment. Sharon v. Minnock, 6 Nev. 377. There has been no change of position on the part of appellant, such as contemplated by the law.

The judgment is affirmed.