LOUIS ZUNINO AND THERESA ZUNINO, APPELLANTS, v. JOSEPH T. PARAMORE AND MARGARET T. PARAMORE, RESPONDENTS.

No. 5287

December 14, 1967                    435 P.2d 196

*Belford & Anglim,* of Reno, for Appellants.

*Gordon W. Rice* and *Leo P. Bergin,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from a judgment favoring respondents Paramores who are tenants under a sublease against appellants, land owners. The lessee of the master lease, Mylans (sublessor to Paramores), also had judgment for restitution of the premises and damages against the Paramores, but no appeal is taken therefrom and no issue is presented as to that part of the judgment.

The Zuninos owned certain real property in Reno used primarily as a wedding chapel. They executed a master lease to the property to the Mylans for a period of five years. Subsequently the Mylans subleased this property to the Paramores

for two years. After the expiration of the sublease Paramore refused to give up possession of the property to the Mylans. Thereupon, the Mylans initiated an action against the Paramores for unlawful detainer and for damages for the holding over. The defendants, Paramores, brought the Zuninos into the lawsuit as third-party defendants, alleging that the Zuninos had orally promised to evict the Mylans and to give the master lease to the Paramores, that in reliance on that promise, the Paramores substantially improved the property. The Zuninos set up the statute of frauds as an affirmative defense to the third-party complaint.

The trial court found in favor of the Paramores holding that the Paramores, having relied upon the oral representations of the Zuninos, made substantial improvements to the property which took the issue out of the statute of frauds, and that the Zuninos, thus, were estopped from asserting the statute of frauds as a defense. Other determinations, such as damages, are found in the trial court's final judgment. But because we now rule that the trial court erred in its conclusion, we need not consider those problems.

1. The commitment by the Zuninos to give the Paramores a lease for three years and one month was within the statute of frauds, and, thus, is required to be in writing. NRS 111.205, 111.210, 111.220.[1] Williston, Contracts (Students Edition

---

[1]NRS 111.205. *"No estate created in land unless by operation of law or writtten conveyance; leases for terms not exceeding 1 year.*

"1. No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized in writing."

NRS 111.210. *"Contracts for sale or lease of land for periods in excess of 1 year void unless in writing.*

"1. Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made."

NRS 111.220. *"Agreements not in writing: When void.* In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party charged therewith:

"1. Every agreement that, by the terms, is not to be performed within 1 year from the making thereof."

1933), Chap. 17, Secs. 491, 495; 58 A.L.R. 1015. This is the rule unless elements are found to exist which amount to part performance to take the oral agreement out of the statute of frauds or which estop a party to raise the statute as a defense. To constitute estoppel the party relying on it must be influenced by the acts or silence of the other and it must appear that the acts or conduct of the party estopped caused the party relying to act as he would not have acted or he cannot complain that he was deceived to his prejudice. Sharon v. Minnock, 6 Nev. 377 (1871); Beck v. Curti, 56 Nev. 72, 45 P.2d 601 (1935); Ford v. Brown, 45 Nev. 202, 200 P. 522 (1921); State ex rel. Thatcher v. Justice Court, 46 Nev. 133, 207 P. 1105 (1922); In re MacDonnell's Estate, 56 Nev. 504, 55 P.2d 834 (1936); Woods v. Bromley, 69 Nev. 96, 241 P.2d 1103 (1952); Gardner v. Pierce, 22 Nev. 146, 36 P. 782 (1894). See also Harmon v. Tanner Motor Tours, 79 Nev. 4, 16, 377 P.2d 622 (1963). Estoppel or part performance must be proved by some extraordinary measure or quantum of evidence. 4 A.L.R.3rd 361; Gardner v. Pierce, supra; Evans v. Lee, 12 Nev. 393 (1877).

The record is not clear as to how many conversations were had between the Paramores and Zuninos, but there were very few. Although we paraphrase to some extent, all that we can perceive is that Zuninos once complimented the Paramores on how they had improved the place (remodeled the basement downstairs and carpeted the floor) and said, "You have made so many improvements here you have just got yourselves set up so that maybe you can make some money by the improvements." He added, "You have improved the situation and I don't see any need in the world about you ever having to leave."

Furthermore, Zunino represented to the Paramores that he had legal grounds to cancel the Mylans' lease, but the Paramores made no effort to determine the strength of those grounds, such as consulting legal counsel, nor to determine from Mylans the extent of his so-called defaults. Gardner v. Pierce, supra. Suffice it to say, had they done so, it is probable they would have learned that the purported defaults were not of such nature as to give Zunino a basis to cancel Mylans' lease nor did the Zuninos seriously intend to cancel the master lease.

We do not find in this case the quantum of evidence necessary to sustain the Paramores' burden of proof as a matter of law. Since here there was a total failure of proof to establish

reliance upon a prior promise the decision of the trial court must be reversed.

THOMPSON, C. J., BATJER, J., MOWBRAY, J., and COMPTON, D. J., concur.

COLLINS, J., being disqualified, the Governor appointed Honorable William P. Compton of the Eighth Judicial District to sit in his place.