DAVID P. JONES AND DONNA JONES, HUSBAND AND WIFE, APPELLANTS, v. LILLIAN AVERY BARNHART, RESPONDENT.

No. 6716

February 22, 1973          506 P.2d 430

*Peter I. Breen*, of Reno, for Appellants.

*Kermitt L. Waters,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

On respondent-landlord's motion, the district court dismissed appellant-tenants' Complaint, which sought specific performance of an alleged oral agreement to sell appellants a certain house and lot occupied by them, and which alternatively sought reimbursement for improvements appellants allegedly had made in reliance on that agreement. This appeal follows.

NRS 111.210(1) provides: "Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." Under NRCP 8(c), the statute of frauds is a "matter constituting an avoidance or affirmative defense," which a defendant must "set forth affirmatively." Under NRCP 8(d), the averments of such a defense are "taken as denied or avoided." However, the district court

apparently believed appellants' Complaint itself conclusively established the applicability of NRS 111.210(1), and thus concluded it was proper to dismiss the Complaint, without leave to amend. Cf. Nevada-Douglas Co. v. Berryhill, 58 Nev. 261, 75 P.2d 992 (1938). We do not agree.

The Complaint alleges that, relying on an oral 2-year lease with option to purchase for $25,900, appellants took possession of the subject property and paid $175 per month rent, and that with respondent's knowledge they installed a fence and lawn worth $400, and carpet, linoleum and paneling worth $3,829.35. In our view, these allegations preclude any conclusion that NRS 111.210(1) necessarily bars enforcement of the alleged oral agreement, and also give adequate notice of a claim based on unjust enrichment. Hence, we reverse and remand for further proceedings.

If respondent pleads NRS 111.210(1) as a defense against specific performance, and if appellants undertake to prove estoppel or part performance in avoidance of that defense, then "[e]stoppel or part performance must be proved by some extraordinary measure or quantum of evidence." Zunino v. Paramore, 83 Nev. 506, 509, 435 P.2d 196, 197 (1967). Moreover, the terms of the parties' contract must be "clearly and definitely established." Evans v. Lee, 12 Nev. 393, 399 (1877). See also: 2 *A. Corbin, Corbin on Contracts,* § 420 et seq. (1963). However, at this juncture, we cannot determine whether appellants' evidence, not yet adduced, will either require or justify a decree of specific performance. Nor can we determine whether the evidence will warrant instead a judgment based on unjust enrichment.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.