SAN DIEGO PRESTRESSED CONCRETE CO., APPELLANT, *v.* CHICAGO TITLE INSURANCE CORPORATION, a MISSOURI CORPORATION, AND CAMERON–BROWN INVESTMENT GROUP, a MASSACHUSETTS BUSINESS TRUST, RESPONDENTS.

No. 8294

October 20, 1976                    555 P.2d 484

---

*Haley & Wirth,* Las Vegas, for Appellant.

*Albright & McGimsey; Brown & Deaner,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Planning the construction of a 200-unit condominium project, Womack, Inc., a Nevada corporation, purchased real property in Las Vegas, Nevada. On June 24, 1973, it entered into a construction loan agreement with respondent, Cameron-Brown Investment Group. The loan of six million dollars secured by deed of trust was to be used to finance the construction of the project. Cameron-Brown established a construction control pursuant to NRS Chapter 627 with respondent Chicago Title Insurance Corporation to oversee the project and to insure that loan funds would be properly paid to those who furnished material and labor.

In September, 1973, Womack, Inc. contracted with R. C. Johnson and Associates Construction Co., to act as general contractor on the project. On December 13, 1973, R. C. Johnson and Associates contracted with Formigli Corporation for the supply and installation of prestressed concrete slabs at a total price of $562,413.00. On January 2, 1974, Rohr Industries, Inc., acquired a portion of Formigli, including the contract between Formigli and R. C. Johnson and Associates. Rohr Industries then assigned that contract to its wholly-owned subsidiary San Diego Prestressed Concrete Co., appellant herein.

Formigli held a valid Nevada contractor's license but Rohr and appellant did not. On January 25, 1974, Rohr contacted the Nevada State Contractor's Board seeking information about obtaining a contractor's license and was told it could proceed with the contract executed by Formigli with the understanding it would make application for a contractor's license immediately. Thereafter, appellant, not Rohr, furnished stress-core plank to the jobsite and contracted with Concrete Erectors Prestress and Precast, Inc., for the erection of the plank. Concrete Erectors performed under a valid contractor's license.

In the month of September, 1974, the State Contractor's Board received an application for a contractor's license from appellant and a license was issued on November 27, 1974.

On or about April 12, 1974, not having received payment for the material which had been fabricated into the project by Concrete Erectors, appellant recorded a lien against the real property owned by Womack, Inc.

In its complaint filed on October 11, 1974 to foreclose the lien, appellant alleged that by March 21, 1974 when it refused to provide further materials, it had supplied material and incurred expenses aggregating nearly $300,000 and had not been paid. Appellant sought to recover on its contract from the general contractor, R. C. Johnson and Associates; and damages from the land owner, Womack; the construction lender, Cameron-Brown; and Chicago Title, the construction control who received and disbursed some of the construction funds.

Appellant alleged that although Cameron-Brown declared the construction loan agreement breached and discontinued payments of loan funds, they acquiesced in continuing construction on the project and were aware that appellant was continuing to supply materials and incur debts for labor. Appellant further alleged that Cameron-Brown represented to R. C. Johnson and Associates, other subcontractors, and appellant, that in spite of the declared breach it would continue to transmit funds for construction, and that such representations were false and made for the purpose of inducing appellant and others to continue to supply material and labor to the property with the result that Cameron-Brown's security was unjustly enriched and appellant damaged.

Appellant alleged that Chicago Title as construction control negligently failed to properly categorize and disburse moneys and at the time of commencement of construction of the project falsely represented to the detriment of appellant that the entire loan proceeds of six million had been deposited with it.

Pursuant to NRCP 12(b)(5),[1] Cameron-Brown and Chicago Title moved to dismiss the complaint asserting that appellant had failed to state a claim upon which relief could be granted because it did not have a valid contractor's license as

---

[1]NRCP 12(b)(5): "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) failure to state a claim upon which relief can be granted, . . ."

required by NRS 624.320.[2] Appellant was allowed to file an amended complaint alleging Rohr's acquisition of Formigli and its dealings with the State Contractor's Board. Cameron-Brown and Chicago Title then moved to dismiss the amended complaint, again asserting a failure to state a claim upon which relief could be granted because appellant lacked a contractor's license.

This appeal is taken from the district court's order dismissing the amended complaint and entering a judgment of dismissal for respondents Cameron-Brown and Chicago Title and also from its order denying reconsideration. The district court certified there was no just cause for delay. NRCP 54(b).

1.   It is apparent from the record that matters outside the pleadings were not considered by the district court and that the motion to dismiss was not treated as one for summary judgment. NRCP 12.

In determining the propriety of granting the respondents' motion to dismiss, the district court was obligated to accept as true the allegations in appellant's amended complaint, to accord appellant favor in the inferences to be drawn therefrom and to resolve all doubts in its favor. Chapman v. City of Reno, 85 Nev. 365, 455 P.2d 618 (1969). On this appeal from the judgment of dismissal we must accept the charge of the amended complaint as true and insure that the district court accorded appellant its rights. Hansen-Neiderhauser v. Nev. Tax Comm'n, 81 Nev. 307, 402 P.2d 48 (1965); Chapman v. City of Reno, supra.

Appellant's causes of action against Cameron-Brown and Chicago Title seeking damages resulting from fraud are not "for the collection of compensation for the performance of any act or contract for which a license is required . . ." Appellant's right is based upon alleged false and deceitful

---

[2]NRS 624.320:   "No person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, engaged in the business or acting in the capacity of a contractor shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that such person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, was a duly licensed contractor at all times during the performance of such act or contract and when the job was bid."

statements purported to have been specifically made by Cameron-Brown and Chicago Title.

In Grant v. Weatherholt, 266 P.2d 185, 192 (Cal.App. 1954), that court said: "The sections of the code [similar to NRS 624.320] which shield from liability those who enter into contracts with unlicensed persons do not purport to shield them from responsibility for their own torts, nor do they relate to actions or proceedings except those that are based upon contract liability."

Although appellant does not use the word fraud in the amended complaint its recitation of respondents' conduct effectively alleges fraud. Issues raised in the amended complaint are sufficiently specific to satisfy the requirement that the circumstances constituting fraud be stated with particularity. NRCP 9(b).

Appellant's right to damages is the outgrowth of the alleged deceit practiced upon it by respondents, resulting in their unjust enrichment. Cf. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958). The validity or invalidity of appellant's contract does not affect that right and it is not barred by NRS 624.320. The allegation of the existence of a contract along with the causes of action for fraud was merely a statement of the circumstances under which appellant's services were rendered.

Accepting appellant's allegation to be true the pleadings state a claim upon which relief could be granted.

2. In the amended complaint appellant claims to be a third party beneficiary under the July 24, 1973 construction loan agreement and alleges that it furnished material in the nature of "stress-core plank" to the project and hired Concrete Erectors Prestress and Precast, Inc., a licensed Nevada contractor, to fabricate the plank into the project. NRS 624.020 defines a contractor and NRS 624.020(3)[3] provides that a contractor does not include anyone who merely furnishes material or supplies without fabricating them into or consuming them in the performance of the work of a contractor. Appellant has raised

---

[3]NRS 624.020(3): "A contractor within the meaning of this chapter includes subcontractor or specialty contractor, but does not include anyone who merely furnishes material or supplies without fabricating them into, or consuming them in the performance of, the work of a contractor."

a genuine issue of fact whether it has furnished material within the exclusion of NRS 624.020(3), and as a consequence would not be barred by NRS 624.320.

Appellant's amended complaint alleges facts which give rise to triable issues on the question of fraud and appellant's status under NRS 624.020(3) and NRS 624.320. Because these issues exist the district court erred in granting respondents' motion to dismiss.

Reversed and remanded for further proceedings not inconsistent with this opinion.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.