WILLIAM W. BROWN, APPELLANT, *v.* CHARLES L. KELLAR, RESPONDENT.

No. 12741

November 30, 1981                    636 P.2d 874

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const. art. 6, § 19; SCR 10.

THE HONORABLE NOEL MANOUKIAN, Justice, with the consent of counsel, voluntarily recused himself and has taken no part in the decision of this appeal.

*Denton & Denton, Ltd.,* Las Vegas, for Appellant.

*Charles L. Kellar,* Las Vegas, in propria persona.

## OPINION

*Per Curiam:*

Appellant brought suit in district court against, among other defendants, respondent Kellar. Respondent moved to dismiss the complaint against him on the grounds that he could not be held individually liable for the actions alleged in the complaint and because enforcement of the agreement would violate the statute of frauds. The district court construed the motion as a motion to dismiss for failure to state a claim upon which relief could be granted, NRCP 12(b)(5), and granted the motion.

On a motion to dismiss for failure to state a claim for relief, the trial court and this court must construe the pleading liberally and draw every fair intendment in favor of the plaintiff. Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980). Allegations in the complaint must be accepted as true. San Diego Prestressed v. Chicago Title Ins., 92 Nev. 569, 555 P.2d 484 (1976).

NRCP 8(a) requires that a pleading contain only a short and plain statement showing that the pleader is entitled to relief. In actions involving fraud, the circumstances of the fraud are required by NRCP 9(b) to be stated with particularity. The circumstances that must be detailed include averments to the time, the place, the identity of the parties involved, and the

nature of the fraud or mistake. 5 Wright and Miller, Federal Practice and Procedure § 1297 at p. 403 (1969). Malice, intent, knowledge and other conditions of the mind of a person may be averred generally. NRCP 9(b); *see* Occhiuto v. Occhiuto, 97 Nev. 143, 625 P.2d 568 (1981).

Application of these rules to this case reveals a complaint which is sufficient as against Kellar. The complaint alleges, among other things, that Kellar acted individually and on behalf of a corporation in fraudulently misrepresenting the condition of property being sold to appellant. Accepting all allegations as true, the complaint states at least one claim against Kellar upon which relief could be granted. Accordingly, we reverse the order of the district court dismissing the complaint against respondent, and we remand this matter to the district court for further proceedings.