BENEDICT VON EHRENSMANN AND SUSAN VON EHRENSMANN, APPELLANTS, *v.* EMILY LEE, RESPONDENT.

No. 12854

June 29, 1982                                              647 P.2d 377

[4]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

*Wanderer & Wanderer,* Las Vegas, for Appellants.

*Steffen, Simmons & Vannah,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After preliminary negotiations, appellants and respondent entered into an oral agreement whereby appellants would purchase respondent's residential property. On April 25, escrow instructions were executed by the parties, reflecting the agreement and stating the requirement that appellants must "place the escrow in a condition to close within 60 days" of the execution date of the escrow instructions. The instructions did not state a date for possession of the property.

On May 1, respondent prepared a memorandum which memorialized the terms of the oral agreement. Both appellants and respondent signed the memorandum. Subsequently, the escrow instructions were amended to conform more clearly to the agreement as memorialized. The amended instructions provide for an increase in the purchase price and specify a date for possession approximately six weeks after the date by which appellants were to place the escrow in a condition to close.

Neither the original escrow instructions nor the subsequent document of May 1 indicate a date for possession of the property.

Appellants failed to deposit the full purchase price within sixty days after the opening of escrow and respondent immediately cancelled the escrow.

During the sixty-day escrow period appellants made timely application and obtained preliminary approval for a loan from the Veterans Administration. Appellants tendered the purchase price when the loan became available, three weeks after respondent had cancelled the escrow. Respondent refused appellants' tender, whereupon appellants brought suit in district court seeking specific performance of the agreement. The district court denied the relief sought and granted respondent attorneys' fees and costs.

1. On appeal, appellants first contend the district court abused its discretion by denying specific performance. We conclude this contention is without merit.

From our review of the record, we must conclude the decision of the district court is supported by substantial evidence. The escrow instructions provide that time is the essence of the agreement and require that the appellants "place the escrow in a condition to close" within a date certain. The escrow instructions define the "close of escrow" as "the day papers are filed for record." The deposit of the full purchase price is a prerequisite to the escrow officer's authority to file papers for recordation. Therefore, without the deposit of the purchase price, the escrow is not in a condition to close.

2. Appellants next contend the district court erred when it awarded attorneys' fees to the respondent.[1] We agree with this contention. Absent an agreement between the parties, attorneys' fees may not be awarded unless by statute or rule. Sun Realty v. District Court, 91 Nev. 774, 542 P.2d 1072 (1975). See NRS 18.010. Where equitable relief is sought, an

---

[1] Appellants do not claim as error the award of costs to respondent.

award of attorneys' fees is proper if awarded as an item of damages. City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970). We decline to conclude that the fees are awarded as damages where, as here, the district court has not specified the award as such nor has the respondent counter-claimed for damages. *See* City of Las Vegas v. Cragin Industries, cited above.

Furthermore, the award of attorneys' fees to respondent cannot be predicated upon the agreement between appellants and respondent. The agreement merely provides that appellants shall pay reasonable attorneys' fees to the escrow holder in the event the escrow holder brings an action in interpleader. The lawsuit before us does not meet the conditions necessary for an award of attorneys' fees pursuant to such agreement.

Accordingly, insofar as it awards attorneys' fees to respondent, the judgment is reversed. Insofar as it awards costs to respondent and denies appellants specific performance, the judgment is affirmed.

Other issues raised on appeal have been considered and are without merit.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE THOMAS L. STEFFEN, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 19; SCR 10.