CLYDE W. SCHREIBER, Appellant, *v.* BETTY LOU SCHREIBER, Respondent.

No. 13474

June 9, 1983                                      663 P.2d 1189

*Foley & Foley,* Las Vegas, for Appellant.

*Lea & Beecroft,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a decree of divorce. In the decree the district court ordered appellant to convey to respondent portions of the community property held by him. Appellant contends this order was error. He contends that the parties to this appeal had previously entered into an oral property settlement agreement binding upon the parties under the doctrines of part performance or estoppel. We reverse.

The parties to this appeal were married in 1955. They moved to Clark County, Nevada, in 1960 and have resided there ever since. In 1977, the parties' marriage became strained and they separated. The parties orally agreed to divide the community property and to go their own ways. Pursuant to this agreement, the family residence was sold and the proceeds divided equally. Respondent received most of the family assets, while appellant received the assets of a masonry contracting business owned and operated by the community. In 1980, respondent filed for divorce and sought a division of the community property. The district court found that the parties had entered into an oral agreement to divide their community assets. Because the agreement was not in writing, however, the district court found that the agreement was null and void and had no effect upon the division of community property.

Appellant acknowledges that a property settlement agreement is required to be in writing.[1] He contends, however, that the agreement is nevertheless enforceable because it was fully performed by the parties. Alternatively, he contends that allowing respondent to assert the writing requirement will unjustly enrich her and therefore she should be estopped to assert the requirement.

In Evans v. Lee, 12 Nev. 393 (1877) this court stated:

> The statute of frauds is intended for the protection of the respective parties to a parol agreement. Whenever one party, confiding in the integrity and good faith of another, proceeds so far in the execution of a parol contract that he can have no adequate remedy unless the whole contract is specifically enforced, then equity requires such relief to be granted; because, if the rules were otherwise the statute, which is designed to prevent fraud, would itself become an instrument of fraud. . . .

*Id.,* at 398. This rule has been applied in a number of subsequent cases not involving property settlement agreements. *See, e.g.,* Alpark Distributing, Inc. v. Poole, 95 Nev. 605, 600 P.2d 229 (1979); *cf.* Jones v. Barnhart, 89 Nev. 74, 506 P.2d 430 (1973) (district court erred in dismissing a complaint which sought specific performance of land sales contract on grounds that action was barred by statute of frauds; complainant might establish part performance or basis for an estoppel). Courts in other jurisdictions have applied the above rule to oral property settlement agreements. *See* Brown v. Brown, 343 A.2d 59 (D.C. 1975); Waters v. Stevens, 176 P.2d 808 (Okla. 1947). We perceive no basis for distinguishing oral property settlement agreements from other types of oral agreements normally required to be in writing, but which may nevertheless be enforced if the party seeking enforcement establishes part performance of the contract or a basis for applying the doctrine of estoppel.

We therefore reverse the order of the district court and remand this case to the district court to determine if the oral agreement of the parties is enforceable under the views set forth in this opinion.

---

[1]NRS 123.220 requires that there be an agreement in writing between the spouses in order to transmute community property into separate property.