JOEL AND CAROL LUBRITZ, APPELLANTS, v. CIRCUS CIRCUS HOTELS, INC., RESPONDENT.

No. 15388

January 22, 1985                                    693 P.2d 1261

[Rehearing denied March 27, 1985]

*John Peter Lee*, Las Vegas, for Appellants.

*Graves & Leavitt*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The present appeal concerns the failure of the district court to enforce the terms of an automatic acceleration clause contained in a promissory note. On July 1, 1982, respondent Circus Circus executed promissory notes to appellants, the Lubritzes and nine other parties not involved in this litigation. The note contained an acceleration clause which provided as follows: "Failure of the maker to pay any installment on the due date shall constitute a default under the terms hereof and the total amount in the sum of . . . $353,333.02 . . ., or the balance remaining, shall then and there become immediately due and payable."

According to the terms of the note, the first installment was to be paid directly to the Lubritzes' representative, David Goldwater, Esq., on the day the contract was signed.[1] The rest of the installments were to be paid on the first day of each of the following months. The first installment was timely. The second installment, however, was not paid when due on August 1. On August 4, 1982, the Lubritzes declared a default in the contract and demanded an acceleration of the total balance remaining as provided in the note. On August 5, 1982, Circus Circus tendered a check for the August installment, but the Lubritzes rejected the payment and filed suit to accelerate the balance of the note.

### *Acceleration Clause*

There are three types of acceleration clauses: automatic, optional, and particular (a combination of automatic and optional). An optional acceleration clause is a "clause which seemingly grant[s] the power of an acceleration at the whim and caprice of one party." U.C.C. § 1-208 official comment (1977). An automatic acceleration clause contains no optional features, is absolute in its terms, and declares that the note becomes due upon default. 11 Am.Jur.2d *Bills and Notes* § 294 (1963). The clause

---

[1]Goldwater represented all ten of the payees of the promissory notes.

in Circus Circus' promissory note is undoubtedly automatic and resulted in the note's becoming due by reason of the default.

Circus Circus admits that the August installment was not made on time but insisted that it was justified in delaying payment because there was some confusion as to the arrangements for mailing payments. The note, however, was unquestionably in default. Instead of awarding judgment to the Lubritzes, together with attorney's fees as provided in the note, the district court awarded judgment to Circus Circus and required the Lubritzes to pay attorney's fees to Circus Circus. The court rationalized this action by applying equitable principles of hardship and estoppel.

Circus Circus cites numerous authorities for the application of equitable principles to optional clauses but no authority for the application to automatic clauses. Although no cases have been cited to support the proposition, we do recognize that there are instances in which equity may properly intervene to prevent an automatic acceleration from going into effect. An example of this would be a case in which the process of delivery of payment was interrupted by forces beyond the obligor's control. Thus equity might intervene to prevent acceleration if payment was prevented by the death of the messenger in the course of timely delivery of the payment. Equity however may not properly intervene to prevent acceleration under the circumstances of this case and the clear wording of the note must be given effect.

The circumstances of this case show that during the month of July, Circus Circus somehow discovered that it may have had an incorrect address for one of the payees of the ten promissory notes.[2] An officer of Circus Circus contacted Goldwater seeking corrections or verifications of the addresses. The Lubritzes' address was listed correctly in the agreement. There is evidence that the officer representing Circus Circus had actual knowledge that the Lubritzes' address was correct. Under such circumstances, equitable relief is not available to invalidate the clear meaning contained in the wording of the note. Circus Circus may not unilaterally extend the time for performance by withholding installment payments to all payees merely because they experienced difficulties with the address of one payee.

### Estoppel

Circus Circus also argues that the Lubritzes are estopped from

---

[2]The addresses had been provided to Circus Circus and were listed in a separate agreement between the parties.

declaring a default on the note in light of the fact that Goldwater was informed by Circus Circus that there was some difficulty with the addresses in the contract. It was not demonstrated, however, that Goldwater actually knew the checks were going to be delayed until the addresses were verified. A case of estoppel is not established by showing that Circus Circus called Goldwater and asked for a verification of addresses. To constitute estoppel, "the party relying on it must be influenced by the acts or silence of the other and it must appear that the acts or conduct of the party estopped caused the party relying to act as he would not have acted. . . ." Zunino v. Paramore, 83 Nev. 506, 509, 435 P.2d 196 (1967). The Lubritzes have done nothing which would estop them from enforcing the acceleration clause. The remaining balance on the note is thus immediately due and payable.

*Attorney's Fees*

The district court awarded costs and attorney's fees to Circus Circus. It is well settled in Nevada that in absence of a rule, statute, or contract authorizing an award of attorney's fees, such fees may not be allowed. Von Ehrensmann v. Lee, 98 Nev. 335, 647 P.2d 377 (1982); Consumers League of Nevada v. Southwest Gas Corp., 94 Nev. 153, 576 P.2d 737 (1978). The Lubritzes were entitled to bring the action to accelerate the balance remaining on the defaulted note. An award of attorney's fees *against* the Lubritzes was improper. By the terms of the contract, the court is authorized to award costs and attorney's fees to the Lubritzes.

The judgment of the trial court is reversed and remanded with instructions that the district court enter judgment for the entire balance of the note, including interest, and award costs and attorney's fees as provided in the note.