CAPITAL MORTGAGE HOLDING, Appellant, v. MARGARET HAHN, SHARRON FUCHS, RANDY FUCHS and FRANK FUCHS, Respondents.

15188

August 20, 1985                                    705 P.2d 126

*Wiener, Waldman and Gordon,* and *Robert J. Gower,* Las Vegas, for Appellant.

*Ira H. Hecht,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Capital Mortgage Holding Corporation ("Capital") brought suit in district court against the respondents seeking specific performance or damages for breach of an oral contract. Respondents moved to dismiss the complaint for failure to state a claim for relief pursuant to NRCP 12(b)(5), on the ground that recovery was barred by the statute of frauds. The district court granted the motion, and this appeal followed. For the reasons expressed below, we reverse.

On a motion to dismiss for failure to state a claim for relief, the trial court and this court must construe the pleadings liberally and draw every fair intendment in favor of the plaintiff. Brown v. Kellar, 97 Nev. 582, 636 P.2d 874 (1981); Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980). Allegations in the complaint must be accepted as true. San Diego Prestressed v. Chicago Title Ins., 92 Nev. 569, 555 P.2d 484 (1976).

Capital's complaint alleges that the parties each held a deed of trust on the same property. Respondents were the senior holders, and Capital the junior. Eventually, the promisors failed to make payments to respondents and Capital on the underlying promissory notes, and the promisors filed a voluntary petition for bankruptcy. Respondents filed a complaint in bankruptcy court to lift the automatic stay in order to proceed with foreclosure proceedings.

Capital further alleges that respondents and Capital entered into discussions before the hearing on the complaint to lift the stay, and that they reached an oral agreement that would enable Capital to protect its position as holder of the junior deed of trust. According to Capital, the parties agreed that if respondents were allowed to complete their foreclosure sale without interference from Capital, respondents would then convey the property to Capital, who would cure all arrearages and execute a new note and an all-inclusive deed of trust in favor of respondents. Allegedly, in reliance on the agreement, Capital did not file its own complaint to lift the stay and it did not participate in the foreclosure sale. Respondents purchased the property for $285,000, the amount due under their note secured by the deed of trust, and Capital's junior deed of trust in the amount of $100,000 was extinguished by operation of law. Capital sought enforcement of the oral agreement, but respondents would not comply. This lawsuit ensued.

Capital admits that the agreement it is seeking to enforce is an oral agreement to transfer an interest in land, which is normally barred by the statute of frauds, NRS 111.210(1).[1] Capital contends, however, that oral agreements otherwise unenforceable because of the statute of frauds may be enforced under the doctrines of part performance or estoppel. *See* Schreiber v.

---

[1]NRS 111.210(1) provides:

> Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in any lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.

Schreiber, 99 Nev. 453, 663 P.2d 1189 (1983) (part performance and estoppel applicable to oral property settlement agreement). Capital argues that the facts set forth in the complaint are sufficient to allege either estoppel or part performance, or both. We agree.

While both exceptions to the statute of frauds must be established at trial by an extraordinary measure or quantum of evidence, Zunino v. Paramore, 83 Nev. 506, 435 P.2d 196 (1967), the complaint need only sufficiently allege the existence of an exception. At this point, we cannot determine whether the evidence, not yet adduced, will establish an exception to the statute of frauds. Capital's complaint alleges that in reliance on the oral agreement with respondents, it did not take such action as would have been necessary to allow it to participate in the foreclosure sale and protect its position as holder of the junior deed of trust. In light of these allegations, we conclude that the complaint sufficiently alleges facts which establish part performance or estoppel. *See generally* Lubritz v. Circus Circus Hotels, 101 Nev. 109, 693 P.2d 1261 (1985) (elements of estoppel); Summa Corp. v. Greenspun, 96 Nev. 247, 607 P.2d 569 (1980) (requirements of doctrine of part performance). Capital should have been given the opportunity to prove those facts. *See* Jones v. Barnhart, 89 Nev. 74, 506 P.2d 430 (1973) (district court erred in dismissing complaint as barred by the statute of frauds; plaintiff might establish part performance or estoppel).

Accordingly, we reverse the order of the district court dismissing the complaint against respondents, and we remand this matter to the district court for further proceedings.