MIRTHA WATTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watts v. Commissioner
Docket No. 26025-86
United States Tax Court
T.C. Memo 1988-407; 1988 Tax Ct. Memo LEXIS 435; 55 T.C.M. (CCH) 1747; T.C.M. (RIA) 88407; August 31, 1988
*436 Mirtha Watts, pro se. Thomas E. Crowe, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was considered pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1982 in the amount of $ 2,761. After concessions by the parties, [2] the sole issue for decision is whether petitioner realized additional community property income with respect to wages earned by her husband, Paul C. Watts. FINDINGS OF *437 FACT Some of the facts have been stipulated. The stipulations of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Henderson, Nevada when she filed her petition. She timely filed a 1982 Federal income tax return on which she claimed the filing status "married filing separate return." During 1982, petitioner and Paul C. Watts were married and living together in Nevada, a community property state. At that time, petitioner was employed by Summa Corporation. On her individual income tax return, petitioner included in income the $ 10,082 in wages she had received from her employer. She did not include, however, any income earned by her husband. Although petitioner did not know the amount of her husband's earnings, she knew he was employed at that time by Titanium Metals Corporation in Henderson, Nevada. She also knew that her husband had not filed tax returns for many years. The record shows that petitioner's husband earned $ 30,375.28 in wages for 1982. Petitioner supported herself and her children, purchasing all of their food, clothing, and other necessities. Petitioner also purchased her own automobile. Paul C. Watts paid the mortgage *438 on the home they lived in and also paid the utilities. Petitioner's husband had owned the home prior to their marriage. In the notice of deficiency, respondent determined that petitioner had the following unreported community property income in 1982: Petitioner's wage income
$ 10,082.16
Paul C. Watt's wage income
30,375.28
Total community property
income
$ 40,457.44
One-half reportable by petitioner
$ 20,228.72
Amount reported by petitioner
10,082.00
Unreported community property
income
$ 10,146.72
OPINION This case illustrates the unfortunate and unintended consequences of tax protest. Although petitioner attempted to comply with her tax obligations, her marriage to a non-filing tax protester and their residence in a community property state have subjected her to the consequences of his noncompliance. Because petitioner did not file a joint return for 1982, she is denied the potential benefits of joint return rates. See sections 1(a) and (d). At the same time, because petitioner knew of her husband's receipt of income from his employment, she does not qualify for relief as an "innocent spouse." Sec. 66(c)(3). Nevada law provides *439 that the wages of either spouse are community property. Nev. Rev. Stat. sec. 123.220 (Supp. 1987); Frederickson & Watson Constr. Co. v. Boyd,60 Nev. 117, 102 P.2d 627 (1940). A spouse in a community property state is liable for the Federal income tax on one-half of the community property share realized during the existence of the community. United States v. Mitchell,403 U.S. 190 (1971); Redfield v. United States,315 F.2d 76, 81 (9th Cir. 1963). Nevada law permits spouses to enter into either a written or oral agreement whereby subsequent earnings of either spouse will remain the separate property of the spouse earning the income. Nev. Rev. Stat. secs. 123.190 and 123.220 (1986); Schreiber v. Schreiber,99 Nev. 453, 663 P.2d 1189 (1983). A valid agreement under state law will be recognized for tax purposes. See Naegle v. Commissioner,T.C. Memo. 1965-212, affd. on another issue 378 F.2d 397 (9th Cir. 1967) (analogous Arizona community property statute). The burden of proving a valid agreement is upon petitioner. Rule 142(a). *440 Petitioner contends that she and her husband entered into an oral agreement to keep their respective earnings separate property. However, petitioner failed to testify with regard to the circumstances surrounding the agreement, or as to the terms of the agreement. Under these circumstances, the evidence is insufficient to establish the existence of an agreement. In the absence of a valid agreement, petitioner has failed to carry her burden of proving that the earnings were not community property. Therefore, respondent is sustained on this issue. In order to reflect the concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect in the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In the notice of deficiency, respondent determined that petitioner was entitled to an itemized deduction in the amount of $ 2,266, and two exemptions in lieu of the three claimed on the return. In the stipulations of facts, respondent conceded that petitioner was entitled to excess itemized deductions of $ 2,266.50, and petitioner conceded that she was entitled to exemptions. ↩