MEMORANDUM *
Plaintiff 26 Beverly Glen, LLC (“Beverly Glen”) appeals the summary judgment grant to defendants Wykoff Newberg Corp. (“Wykoff’) and International Smelting Company, Inc. (“International”) (collectively, “Defendants”). We affirm the district court’s conclusion that the writings at issue did not satisfy the Nevada statute of frauds.
Whether a writing satisfies the statute is a question of law. Ray Motor Lodge, Inc. v. Shatz, 80 Nev. 114, 390 P.2d 42, 44 (1964). Nevada courts follow the Restatement, which requires the contract to be “signed by the party to be charged” and state “with reasonable certainty ... each party to the contract either by his own name, or by such a description as will serve to identify him.” Stanley v. A. Levy & J. Zentner Co., 60 Nev. 432, 112 P.2d 1047, 1053 (1941) (quoting Restatement (First) of Contracts § 207 (1932)).
As the district court held, the May 5th and 6th documents do not adequately identify the seller. The documents indicate the seller is “WYCOFF NEWBERG CORPORATION ETAL [sic]” and thus fail to identify International, who owned 16% of the property. Nevada law may permit parol evidence to clear up supple *64 mental details of an agreement in statute of frauds cases. See Butler v. Lovoll, 96 Nev. 931, 620 P.2d 1251, 1253 (1980). However, the identity of the seller is an essential element of a contract, and thus parol evidence may not be used to clear up the ambiguity of “ETAL.” See Tri-Pacific Commercial Brokerage, Inc. v. Boreta, 113 Nev. 203, 931 P.2d 726, 728 (1997) (“[T]he substantial parts of the contract must be embodied in writing with such a degree of certainty so as to make clear and definite the intention of the parties without resorting to oral evidence.” (emphasis added)); see also Stanley, 112 P.2d at 1053 (a written agreement to pay $6 per ton for grapes did not satisfy the statute of frauds because it did not indicate whether payment would be based on gross or net weight, “an essential element” of the contract).
Additionally, the document is not “subscribed” by the parties to be charged. Nev.Rev.Stat. § 111.210(1). Although Beverly Glen is correct that in some situations initials have been held to suffice, this is so only if the circumstances create a reasonable inference that the initials (or other symbols, letterhead, etc.) were intended to authenticate the writing. See Restatement (Second) of Contracts § 134 (1981); Weiner v. Mullaney, 59 Cal.App.2d 620, 140 P.2d 704, 712 (1943) (“what shall constitute a subscription must be determined in each case by the circumstances”).
Here, the document itself clearly contemplates a full signature in the space provided at the end of the agreement to indicate “Acceptance of Offer to Purchase.” See Restatement (Second) of Contracts § 134 cmt. b, illus. 1. We conclude that under the circumstances present here, the presence of initials on individual pages or accompanying changes without a signature in the prescribed location do not sufficiently demonstrate that the document was “subscribed” by either seller.
Beverly Glen argues that even if the documents do not satisfy the statute of frauds, compliance is excused by either estoppel or part performance.[1] In order for the doctrines of estoppel or part performance to apply, Nevada law requires proof by “some extraordinary measure or quantum of evidence.” Zunino v. Paramore, 83 Nev. 506, 435 P.2d 196, 197 (1967). The acts allegedly constituting performance or reliance on the promise of the other party must clearly establish the terms of the contract and “clearly appear to be done solely with a view to the agreement being performed.” Evans v. Lee, 12 Nev. 393, 399 (Nev.1877) (quotation omitted). “Where one party to the parol agreement has performed to such an extent that she will have no adequate remedy unless the agreement is enforced, equity will grant such relief.” Hardy v. United States, 918 F.Supp. 312, 318 (D.Nev.1996); see also Schreiber v. Schreiber, 99 Nev. 453, 663 P.2d 1189, 1190 (1983) (quoting Evans, 12 Nev. at 398).
Beverly Glen cannot satisfy the high requirements for application of these doctrines. Its actions — opening an escrow account at a different title company[2] and the *65 preparation of a new “purchase agreement” using language indicating a new offer and requesting acceptance — were not clearly done with a view toward performing an already existing contract. The escrow money was returned to Beverly Glen and Defendants thus were not unjustly enriched by the deposit; equity does not require delivery of the property to make Beverly Glen whole. See Hardy, 918 F.Supp. at 318.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The district court’s error in concluding that these doctrines could only apply where there existed an oral agreement regarding real property, and not in cases involving an allegedly binding written agreement, see In re Rose Fine Jewelry, Inc., 101 B.R. 247, 249 (D.Nev.1989), is harmless on these facts.

. Beverly Glen argues the title company is an “insignificant detail,” relying on Thomsen v. Glenn, 81 Nev. 56, 398 P.2d 710, 711-12 (1965). Thomsen presented a very different question, however; there, both buyer and seller had executed the document, but the seller was attempting to escape the contract because of the buyer's failure to strictly comply with the agreement. Id. at 711. Here, because Beverly Glen is attempting to enforce an otherwise unenforceable agreement, Neva *65 da law requires an ‘‘extraordinary” measure of proof. Zunino, 435 P.2d at 197.