DONALD LEE COLEMAN, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 22222

February 4, 1993                                    846 P.2d 276

*Dennis E. Widdis,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

## FACTS

On the evening of February 23, 1990, Jodette Godfrey was shot to death at a Reno apartment complex. Investigation led the police to believe that Donald Lee Coleman ("Coleman") was the killer. The police arrested Coleman shortly after the murder. Bert George of the Washoe County Public Defender's Office initially represented Coleman.

While awaiting trial, Coleman shared a cell with a fellow prisoner, Paul Acklin ("Acklin"). Coleman allegedly made many incriminating statements to Acklin. Acklin contacted his attorney, also Bert George ("George"). George arranged for Acklin to speak with the police concerning the information he had learned from Coleman. George, along with prosecutors and police, interviewed Acklin, who gave a detailed statement (Acklin's "original statement") of Coleman's alleged admissions. George and an investigator with the Washoe County Public Defender's Office conducted some of the questioning.

The Washoe County Public Defender's Office withdrew as Coleman's counsel soon after realizing that a conflict of interest existed. The court then appointed private counsel to represent Coleman. The matter went to trial several months later.

Acklin testified for the State. During his testimony, however, Acklin recanted his original statement. Consequently, the trial court permitted the State to present portions of Acklin's original statement to the jury.[1] On appeal, Coleman argues that Acklin's original statement was obtained in violation of his Sixth Amendment right to counsel and that, accordingly, his conviction must be reversed. We agree.

## DISCUSSION

The Sixth Amendment guarantees a criminal defendant the right to conflict-free representation. Clark v. State, 108 Nev. 324, 831 P.2d 1374 (1992). The Illinois Appellate Court has noted that:

> [A]n attorney owes his client undivided allegiance, and this is particularly true of an attorney representing a person accused of a crime. Where an attorney's loyalty to a defendant in a criminal case is diluted by that attorney's obligation to others, the defendant's sixth amendment right to effective assistance of counsel is not satisfied.

People v. Grigsby, 365 N.E.2d 481, 484 (Ill.App.Ct. 1977).

We have no doubt that an actual conflict existed in the case at hand. In essence, George sought information from Acklin for use by the prosecution against Coleman, George's own client. George's action violated Coleman's Sixth Amendment right to effective assistance of counsel. United States v. Marshank, 777 F.Supp. 1507 (N.D.Cal. 1991) (defendant's right to effective assistance of counsel violated when defense counsel actively assisted prosecutor in making case against client).

The fact that the Sixth Amendment violation occurred prior to trial is irrelevant. Moreover, any determination by this court that Coleman would have been convicted without Acklin's original statement is of no moment.

The United States Supreme Court has held that a defendant need not show prejudice once an actual conflict of interest has

---

[1]Acklin's original statement was presented in dialogue form. The prosecuting attorney played the role of the questioner, while a witness—an officer present when Acklin gave his original statement—played Acklin's role.

4

been shown. Holloway v. Arkansas, 435 U.S. 475 (1978).[2] We adopted this view in *Clark,* 108 Nev. at 326, 831 P.2d at 1376. "[T]o hold otherwise would engage a reviewing court in unreliable and misguided speculation as to the amount of prejudice suffered by a particular defendant. An accused's constitutional right to effective representation of counsel is too precious to allow such imprecise calculations." United States v. Alvarez, 580 F.2d 1251, 1259 (5th Cir. 1978) (citing *Holloway,* 435 U.S. at 475). Accordingly, Coleman's conviction cannot stand.

In addition, it is well settled that evidence obtained in violation of the Sixth Amendment is inadmissible. *See* Maine v. Moulton, 474 U.S. 159 (1985); Massiah v. United States, 377 U.S. 201 (1964). The Sixth Amendment right to counsel attaches when "judicial proceedings have been initiated" against the defendant. Brewer v. Williams, 430 U.S. 387, 398 (1977). At the time Acklin gave his original statement, Coleman had already undergone his preliminary hearing and was awaiting trial. Thus, Coleman's Sixth Amendment right to counsel had attached.

The State must honor a criminal defendant's Sixth Amendment right to counsel once it has attached. *Moulton,* 474 U.S. at 170. "[A]t the very least, the prosecutor and police *have an affirmative obligation* not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel." *Id.* at 171 (emphasis added).

The prosecutor knew that Acklin's original statement was obtained in violation of Coleman's Sixth Amendment rights. Utilizing the evidence gathered pursuant to the Sixth Amendment violation, as the prosecutor did in this case, clearly circumvented Coleman's right to effective assistance of counsel.

Further, the trial court was aware of the error and apparently relied upon it when granting George's motion to be dismissed as Coleman's counsel. We hold, however, that the appointment of new counsel only partially remedied the harm Coleman suffered as a result of the Sixth Amendment violation.

The trial court should not have admitted Acklin's original statement into evidence. Coleman's attorney made clear his objection to the admission of the original statement. Allowing the original statement, obtained in violation of Coleman's right to effective assistance of counsel, is reversible error.

We hold that Coleman's Sixth Amendment right to effective

---

[2]*Holloway,* like many of the cases cited herein, dealt with a conflict arising from multiple representations of codefendants. This distinction should not give rise to a different result.

assistance of counsel was violated by the admission of Acklin's original statement. Accordingly, we reverse Coleman's conviction and remand for further proceedings consistent with this opinion.

In view of our decision, we decline to address the other issues raised on appeal.[3]

---

[3]HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.