JOHN E. MICHELSEN AND ANN J. MICHELSEN, HUS-BAND AND WIFE, JOHN E. MICHELSEN, TRUSTEE OF THE JOHN E. MICHELSEN FAMILY TRUST AGREEMENT, APPELLANTS, *v.* JAMES A. HARVEY, TRUSTEE OF HARVEY FAMILY TRUST DATED 9/26/80, SAMUEL S. HARVEY, ELIZABETH HARVEY BLAIKIE AND JOHN F. BLAIKIE, TENANTS IN COMMON, RESPONDENTS.

No. 23735

January 18, 1994                    866 P.2d 1141

*Thomas J. Hall,* Reno, for Appellants.

*F. Thomas Eck, III,* Reno, for Respondents.

## OPINION

*Per Curiam:*

The facts relevant to this appeal are not in dispute, nor are they complex. Appellants John E. and Ann J. Michelsen ("Michelsens") own land adjacent to property owned by respondents James A. Harvey, Samuel S. Harvey, Elizabeth Harvey Blaikie, and John F. Blaikie ("Harveys"). These two lots abut the shore of Lake Tahoe and were originally owned by the Harvey's grandmother. The Harveys' grandmother had sold a portion of this property to the Michelsens' predecessor in interest.

In 1988, the Harveys filed a quiet title action against the Michelsens to resolve ownership of a thin area of beach between the Michelsens' property and the lake shore. The Harveys claimed that this area of land was not included in the deed that described the Michelsens' property. As a result, the Harveys claimed the beach property still belonged to their family. They alleged slander of title, sought ownership of the land in fee simple, and alternatively claimed that they had obtained a prescriptive easement over the property.

The district court agreed, concluding that the Harveys owned the beach property in fee simple, subject to an easement retained by the Michelsens. On appeal, this court reversed and reached the opposite conclusion. In Michelsen v. Harvey, 107 Nev. 859, 822 P.2d 660 (1991), we held that the Michelsens owned the beach front outright and that the Harveys had established a prescriptive easement over the property.

Thereafter, the Michelsens petitioned the district court for an award of attorney's fees. Specifically, the Michelsens claimed they were entitled to fees because they had successfully removed a cloud upon the title to their property. The district court rejected the request, and the Michelsens renew their contention on appeal.

Attorney's fees are not available in Nevada unless authorized by statute, rule, or contract. Ace Truck v. Kahn, 103 Nev. 503, 512 n.4, 746 P.2d 132, 138 (1987). In addition, the decision to award attorney's fees will not be overturned on appeal unless there is a "manifest abuse of discretion" by the trial court. County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982) (decided within the context of statutorily-awarded fees).

As an exception to the general rule, it is well-settled in Nevada that attorney's fees are considered an element of damages in slander of title actions. Day v. West Coast Holdings, 101 Nev. 260, 265, 699 P.2d 1067, 1071 (1985). This common law tort principle was expanded by this court in Summa Corp. v. Greenspun, 96 Nev. 247, 607 P.2d 569 (1980), opinion on reh'g, 98 Nev. 528, 655 P.2d 513 (1982). There, Summa Corporation made a loan to Greenspun that was secured by a promissory note and deed of trust. Summa backed out of the deal and agreed to return these two securing instruments. Despite this agreement, however, Summa recorded the deed of trust and effectively encumbered two thousand acres of Greenspun's property. Greenspun sued Summa for slander of title and breach of contract. Greenspun obtained a judgment in the district court that included an award of punitive damages and attorney's fees. Id. at 250-55, 607 P.2d at 571-74.

On appeal, this court determined that Greenspun's slander of title claim was not supported by the evidence. Hence, punitive damages were unavailable. Yet in spite of this conclusion, we affirmed the award of attorney's fees because Greenspun filed their cause of action to remove a cloud upon title:

> A slander of title is a tort. In addition to that claim for relief, the complaint also sought to remove the cloud upon Greenspun's title caused by the recordation of the deed of trust.
>
> . . . .
>
> In an action to remove a cloud upon the title to real property it is *permissible* to assess as damages the attorney's fees incurred incident to that action.

*Id.* at 254-55, 607 P.2d at 573-74 (citations omitted) (emphasis added).

In the instant case, the Michelsens rely upon this aspect of the *Summa Corp.* holding. Having fended off a cloud upon their title, the Michelsens claim they are entitled to recover attorney's fees.

We disagree. The Michelsen's argument is fundamentally flawed. *Summa Corp.* does not mandate an award of fees any time a property owner litigates to remove a cloud upon title. The award is "permissible" and within the discretion of the trial court. More importantly, unlike the facts of *Summa Corp.*, the Michelsens have not effectively removed a cloud from their title. While they have retained ownership of the beach property in fee, it is inescapable that the Harveys claimed in their original complaint and successfully established a prescriptive easement over the disputed property. In other words, the Michelsens still have a cloud upon their title in the form of an easement.[1] Taking the Michelsens' argument and rationale to its logical conclusion would have this court condoning the award of attorney's fees against a landowner any time the landowner successfully obtained a property right by way of adverse occupancy. This court refuses to affront the general prohibition against recovering fees by such a leap and a bound.

Even though the above rationale was not effectively articulated by the trial court in rejecting the fee request, the oversight is not fatal to the lower court's decision. On appeal, this court may imply findings of fact and law if the record clearly supports the

---

[1] The Michaelsens urge this court to adopt a liberal definition of the phrase "cloud upon title" appearing in *Summa Corp.* They cite the following language from a Michigan appellate court decision:

> A cloud upon a title is but an apparent defect in it. If the title, sole and absolute in fee, is really in the person moving against the cloud, the density of the cloud can make no difference in the right to have it removed. Anything of this kind that has a tendency, even in a slight degree, to cast doubt upon the owner's title, and to *stand in the way of a full and free exercise of his ownership,* is, in my judgment, a cloud upon his title which the law should recognize and remove.

Michigan Nat. Bank-Oakland v. Wheeling, 419 N.W.2d 746, 749 (Mich.App. 1988) (citations omitted) (emphasis added); *see also* 65 Am.Jur.2d *Quieting Title* § 9 (1972) ("cloud" upon title defined as an "encumbrance which is actually invalid or inoperative, but which may nevertheless impair the title to the property").

Utilizing this authority for sake of the Michelsens' argument only, it seems indisputable that these definitions would include the Harveys' claim of an easement over the beach property.

lower court's ruling. Luciano v. Diercks, 97 Nev. 637, 639, 637 P.2d 1219, 1220 (1981).

Based upon the simple facts that the Harveys now have an easement over the Michelsens' property and that this entire dispute was pursued in good faith, we cannot conclude that the district court abused its discretion. Accordingly, we affirm the district court's denial of the Michelsens' attorney's fee request.