# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2; SELECT PORTFOLIO SERVICING, INC.; CALIFORNIA RECONVEYANCE COMPANY; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; AND NATIONAL DEFAULT SERVICING CORPORATION,

Appellants,

vs.

WHITTINGTON HOLDINGS 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Respondent.

No. 70889

FILED

JUN 06 2017

ELIZABETH A. BROWN
CLERK SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order, entered in consolidated district court cases, granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. It appeared that claims remained pending in the district court such that the challenged order was not appealable as a final judgment under NRAP 3A(b)(1). Specifically, it was not clear whether any order resolved the claims against all of the counter-defendants. It also

17-18759

appeared that respondent's claims for slander of title remained unresolved where the district court entered summary judgment in favor of respondent on these claims but did not resolve the request for attorney fees as special damages by either awarding damages or declining to do so. *See Michelsen v. Harvey*, 110 Nev. 27, 866 P.2d 1141 (1994) ("[A]ttorney's fees are considered an element of damages in slander of title actions."), *clarified by Sandy Valley Assoc. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955 n.7, 35 P.3d 964, 969 n.7 (2001).

In response to our order, appellants have submitted a copy of a district court order resolving respondent's claims for declaratory relief, injunctive relief and quiet title against the remaining counter-defendants. We thus agree that these claims have been resolved. However, we disagree with appellants' assertion that the slander of title claims have been fully resolved. The order challenged on appeal granted summary judgment in favor of respondent and against appellants on all of respondent's claims. That order cannot be reasonably construed to implicitly deny the slander of title claim. And no written order resolves the slander of title claims against the remaining counter-defendants. We disagree that the district court's later denial of respondent's motion for attorney fees implicitly denied the slander of title claims.

Accordingly, because respondent's slander of title claims remain pending in the district court, the challenged order is not appealable as a final judgment under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). It does not appear, and appellants do not assert, that the order is appealable pursuant to any other statute or court rule. We thus conclude that we lack jurisdiction, *Brown v. MHC Stagecoach*, 129 Nev.

343, 345, 301 P.3d 850, 851 (2013) (this court has jurisdiction to consider appeals that are authorized by statute or court rule), and

ORDER this appeal DISMISSED.[1]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Michelle Leavitt, District Judge
      Persi J. Mishel, Settlement Judge
      Ballard Spahr, LLP
      Bourassa Law Group, LLC
      Eighth District Court Clerk

---

[1]Appellants may file a new notice of appeal once a final judgment is entered.