**135 Nev., Advance Opinion 22**
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PARDEE HOMES OF NEVADA, Appellant, vs. JAMES WOLFRAM, AN INDIVIDUAL; ANGELA L. LIMBOCKER-WILKES, AS TRUSTEE OF THE WALTER D. WILKES AND ANGELA L. LIMBOCKER-WILKES LIVING TRUST, A NEVADA TRUST; AND WALTER D. WILKES AND ANGELA L. LIMBOCKER-WILKES LIVING TRUST, A NEVADA TRUST, Respondents. | No. 72371 **FILED** JUL 03 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____  CHIEF DEPUTY CLERK |

Appeal from a district court judgment in a breach of contract action and post-judgment orders regarding attorney fees and costs. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Affirmed in part, reversed in part, and remanded.*

McDonald Carano LLP and Pat Lundvall and Rory T. Kay, Las Vegas, for Appellant.

The Jimmerson Law Firm, P.C., and James M. Jimmerson and James J. Jimmerson, Las Vegas, for Respondents.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Nevada adheres to the American Rule of attorney fees—attorney fees may not be awarded unless there is a statute, rule, or contract providing for such an award. This court, however, has recognized a narrow and limited exception for attorney fees as special damages. We have outlined certain requirements for pleading and proving attorney fees as special damages, and we have recognized scenarios that may warrant such fees. We take this opportunity to clarify that attorney fees incurred by a plaintiff in bringing a two-party breach-of-contract claim against a defendant do not constitute special damages under the narrow and limited exceptions recognized by this court. Because the attorney fees at issue here do not fall into any of the narrow and limited exceptions that permit attorney fees as special damages, we reverse the portion of the district court's judgment awarding attorney fees as special damages. We affirm the portion of the district court's award of attorney fees that was based on the parties' contractual prevailing party provision and remand the matter because the prevailing parties may be entitled to additional attorney fees in light of this opinion.

*BACKGROUND*

In the 1990s, Coyote Springs Investment, LLC (CSI), began planning a development project called "Coyote Springs," to be located over thousands of acres of undeveloped land in Lincoln and Clark Counties of

Nevada. Real estate brokers James Wolfram and Walter Wilkes[1] introduced appellant Pardee Homes of Nevada (Pardee) to CSI to initiate Pardee's purchase of portions of Coyote Springs. Pardee and CSI subsequently entered into an agreement (Option Agreement) wherein Pardee agreed to purchase from CSI certain lands designated for the development of single-family residences. Pardee's purchase was to be paid in installments. Additionally, the agreement gave Pardee a 40-year option to purchase other designated property.

To compensate Wolfram and Wilkes for procuring Pardee's purchase of real property from CSI, Pardee agreed to pay the brokers specified commissions for purchases made pursuant to Pardee and CSI's Option Agreement (Commission Agreement). Additionally, Pardee agreed to keep the brokers reasonably apprised of all matters related to their commission payments and to provide the brokers with documentation corresponding to Pardee's purchases under the Option Agreement. Wolfram and Wilkes received commissions from March 2005 through March 2009 totaling $2,632,000.

Pardee and CSI amended the Option Agreement several times after its inception. Wolfram and Wilkes received the first two amendments to the Option Agreement as well as the Amended and Restated Option Agreement (AROA), but they did not receive any further amendments to the

---

[1]Walter Wilkes passed away in April 2014. Wilkes' rights under the contract at issue were assigned to respondent The Walter D. Wilkes and Angela L. Limbocker-Wilkes Living Trust, with respondent Angela L. Limbocker-Wilkes acting as trustee.

SUPREME COURT
OF
NEVADA

(O) 1947A

AROA before they filed the underlying lawsuit.[2] When Wolfram and Wilkes requested information to verify the types of property Pardee was purchasing from CSI and to confirm that its commission payments were accurate, Pardee provided some information concerning its acquisition of property for single-family residences but not all of the requested information. Wolfram and Wilkes continued to ask Pardee for additional information regarding land acquisitions and designations, requested the same from the title companies processing the payments, and attempted to obtain it themselves by searching public records. Wolfram and Wilkes also retained an attorney to seek the requested information.

Because Wolfram and Wilkes were unable to obtain the sought-after information, they filed suit against Pardee. In the complaint, they alleged three causes of action pertaining to Pardee's obligations under the Commission Agreement: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) an accounting. Subsequently the district court, despite Pardee's opposition, granted leave for Wolfram and Wilkes to file an amended complaint to plead attorney fees as special damages. Pardee raised a counterclaim of breach of the implied covenant of good faith and fair dealing against Wolfram and Wilkes.

After a bench trial, the district court found in favor of Wolfram and Wilkes on their causes of action and against Pardee on its counterclaim. Specifically, the district court held Pardee breached the Commission Agreement and the implied covenant of good faith and fair dealing by failing

---

[2]Wolfram and Wilkes never received these amendments directly from Pardee; rather, they filed the underlying lawsuit against Pardee, subpoenaed the title company handling their commission payments, and obtained the amendments.

to keep Wolfram and Wilkes reasonably informed per the terms of the contract and by refusing to provide Wolfram and Wilkes with the requested documentation. The district court concluded there was a special relationship between Pardee and the brokers insofar as the respondents had to rely upon Pardee to keep them reasonably informed of any developments at Coyote Springs that could impact their commission payments.

The district court ordered an accounting, demanding that Pardee provide Wolfram and Wilkes—and their successors or assigns—all future amendments made to the AROA and to continue to keep the respondents reasonably informed under the Commission Agreement. Additionally, the district court awarded Wolfram and Wilkes attorney fees on two grounds: (1) $135,500 as special damages, concluding that Wolfram and Wilkes were forced to file suit against Pardee in order to get the information to which they were entitled pursuant to the Commission Agreement; and (2) $428,462.75 because Wolfram and Wilkes were the prevailing parties pursuant to the Commission Agreement.

## DISCUSSION

Pardee claims the district court erred in two ways: (1) in awarding Wolfram and Wilkes attorney fees as special damages, and (2) in determining Wolfram and Wilkes were the prevailing parties entitled to attorney fees pursuant to the Commission Agreement.

*Attorney fees as special damages*

First, Pardee claims the district court erred in awarding attorney fees as special damages to Wolfram and Wilkes pursuant to *Sandy Valley Associates v. Sky Ranch Estates Owners Association*, 117 Nev. 948, 960, 35 P.3d 964, 971 (2001), *receded from on other grounds by Horgan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007), and *Liu v. Christopher Homes, LLC*, 130 Nev. 147, 321 P.3d 875 (2014). Pardee argues Wolfram and

Wilkes are not entitled to special damages here because a two-party breach-of-contract action does not fit into one of the illustrations discussed in *Sandy Valley*. Wolfram and Wilkes counter *Sandy Valley* and its progeny do not stand for the proposition that only three limited exceptions exist to the American Rule of attorney fees; rather, according to Wolfram and Wilkes, those cases permit attorney fees as special damages where the fees are incurred as a "natural and proximate consequence" of another party's wrongful conduct. *Sandy Valley*, 117 Nev. at 957, 35 P.3d at 969.

"Generally, we review decisions awarding or denying attorney fees for a manifest abuse of discretion. But when the attorney fees matter implicates questions of law, the proper review is de novo." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (internal citations omitted). Because the issue of attorney fees as special damages involves a question of law, we review this issue de novo. *Id.*

Nevada adheres to the American Rule that attorney fees may only be awarded when authorized by statute, rule, or agreement. *Id.* This court has recognized exceptions to this general rule; one such exception is for attorney fees as special damages. *See Sandy Valley*, 117 Nev. at 960, 35 P.3d at 971 (emphasizing that attorney fees as special damages, as with any other element of damages, must be pleaded under NCRP 9(g) and then proven at trial by competent evidence).

In *Sandy Valley*, this court considered an award of attorney fees as special damages in an action involving title to real property where those fees were not requested until after trial. *Id.* at 958-60, 35 P.3d at 970-71. We concluded the district court erred in considering attorney fees as special damages because the issue was neither pleaded nor proven by competent evidence at trial. We stressed that future litigants could not obtain attorney

fees as special damages without complying with NRCP 9(g). *See id.* at 959-60, 35 P.3d at 971. *Sandy Valley*'s comment that attorney fees as special damages are "foreseeable damages arising from tortious conduct or a breach of contract," and a "natural and proximate consequence of . . . injurious conduct" did not expand the scope of the scenarios that warrant attorney fees as special damages. *See id.* at 956-57, 35 P.3d at 969. *Sandy Valley*'s holding embraced the general concept that attorney fees as special damages, as with any other item of damages, must be pleaded and proven by competent evidence. Therefore, to the extent *Sandy Valley* has been read to broadly allow attorney fees as special damages whenever the fees were a reasonably foreseeable consequence of injurious conduct, we disavow such a reading.

Based on *Sandy Valley, Horgan,* and *Liu,* the district court erroneously concluded Wolfram and Wilkes were entitled to attorney fees as special damages under Wolfram and Wilkes' two-party breach-of-contract action. *Sandy Valley* discussed three scenarios in which attorney fees as special damages may be appropriate.[3] *Id.* at 957-58, 35 P.3d at 970.

---

[3]First, "cases when a plaintiff becomes involved in a third-party legal dispute as a result of a breach of contract or tortious conduct by the defendant." *Id.* at 957, 35 P.3d at 970. Second, "cases in which a party incurred the fees in recovering real or personal property acquired through the wrongful conduct of the defendant or in clarifying or removing a cloud upon the title to property." *Id., partially abrogated by Horgan,* 123 Nev. at 586, 170 P.3d at 988 (clarifying that "attorney fees [in actions to clear a clouded title] are now only available as special damages in slander of title actions"). Third, injunctive or declaratory relief actions compelled "by the opposing party's bad faith conduct." *Id.* at 958, 35 P.3d at 970. These narrow exceptions in which attorney fees as special damages may be warranted are well established in Nevada's jurisprudence. *See, e.g.,*

*Sandy Valley*, however, does not support an award of attorney fees as special damages where a plaintiff merely seeks to recover fees incurred for prosecuting a breach-of-contract action against a breaching defendant. *Liu*, 130 Nev. at 155 n.2, 321 P.3d at 880 n.2 (observing *Sandy Valley* did not permit a plaintiff to recover attorney fees as special damages in a suit for breach of contract). Under Wolfram and Wilkes' theory, any breach-of-contract suit would warrant attorney fees as special damages because it would be foreseeable that an aggrieved party would retain the services of an attorney to remedy a breach. This conflicts with our caselaw. Rather, we reiterate that attorney fees as special damages are an exception to the American rule that each party assumes their own attorney fees. Accordingly, we determine the district court erred in awarding Wolfram and Wilkes attorney fees as special damages.[4]

---

*Michelsen v. Harvey*, 110 Nev. 27, 29, 866 P.2d 1141, 1142 (1994) ("As an exception to the general rule, it is well-settled in Nevada that attorney's fees are considered an element of damages in slander of title actions."), *receded from in Horgan*, 123 Nev. 577, 170 P.3d 982; *Lowden Inv. Co. v. Gen. Elec. Credit Co.*, 103 Nev. 374, 380, 741 P.2d 806, 809 (1987) (providing that "attorney's fees attributable to plaintiff's litigation with other parties may be recovered as damages when defendant's conduct caused the litigation"); *Von Ehrensmann v. Lee*, 98 Nev. 335, 337-38, 647 P.2d 377, 378-79 (1982) ("Where equitable relief is sought, an award of attorneys' fees is proper if awarded as an item of damages.").

[4]Alternatively, Wolfram and Wilkes contend they are entitled to attorney fees as special damages because the district court ordered injunctive relief as a result of Pardee's wrongful withholding of information that respondents were entitled to under their contract. *See Sandy Valley*, 117 Nev. at 958, 35 P.3d at 970. We reject this argument insofar as Wolfram and Wilkes did not address how the district court's order on their accounting at law claim amounted to injunctive or equitable relief. They did not

*Attorney fees pursuant to prevailing party provision*

Next, Pardee contends the district court abused its discretion by finding Wolfram and Wilkes were the prevailing parties pursuant to the parties' Commission Agreement. Pardee acknowledges Wolfram and Wilkes prevailed on all three of their causes of action, as well as against Pardee's counterclaim. However, Pardee posits Wolfram and Wilkes unsuccessfully sought substantial unpaid commission payments, which the district court found were not due because Pardee had paid all commission payments owed, and thus, Pardee was the prevailing party.

Whether a contract authorizes attorney fees is a question of law reviewed de novo. *See Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008). "Parties are free to provide for attorney fees by express contractual provisions." *Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012). "[T]he initial focus is on whether the language of the contract is clear and unambiguous; if it is, the contract will be enforced as written." *Id.*

The Commission Agreement unambiguously provides, "[i]n the event either party brings an action to enforce its rights under this Agreement, the prevailing party shall be awarded reasonable attorney fees and costs." Thus, the district court did not err in finding attorney fees were authorized under the parties' contract. *See Lehrer*, 124 Nev. at 1115, 197 P.3d at 1041. "A party prevails 'if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit.'" *Las*

---

challenge the district court's classification of their accounting claim as an accounting at law claim and did not discuss this classification with respect to equitable accounting.

*Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (emphasis in original).

Pardee's assertion the respondents filed the underlying suit because they claimed they were owed unpaid compensation—a claim the district court found was without merit—is not compelling. Wolfram and Wilkes prevailed on each cause of action they brought as well as on Pardee's counterclaim. Further, the complaint and the evidence presented at trial demonstrate Wolfram and Wilkes sought information through an accounting, which was eventually granted by the district court. It is inconsequential to the prevailing party determination that the brokers artfully framed their complaint in a limited way. The complaint requests information; the district court granted this request. It is beyond the scope of prevailing party determination to consider if Wolfram and Wilkes' underlying motivation was to discover they were owed unpaid commissions because that was not one of their claims. Accordingly, the district court did not abuse its discretion in concluding that Wolfram and Wilkes were the prevailing parties under the Commission Agreement as this holding is neither clearly erroneous nor unsupported by the evidence. *See Davis*, 128 Nev. at 314, 278 P.3d at 510.

In sum, we conclude the district court erred in awarding Wolfram and Wilkes attorney fees in the amount of $135,500 as special damages for Wolfram and Wilkes' two-party breach-of-contract action. We conclude, however, the district court did not abuse its discretion in awarding $428,462.75 in attorney fees to Wolfram and Wilkes as the prevailing parties on the contract action because Wolfram and Wilkes succeeded on all three causes of action brought against Pardee in addition to Pardee's counterclaim against them. Finally, because Wolfram and Wilkes may be

entitled to additional attorney fees as prevailing parties in light of this court's reversal of the attorney fee special damages award, we remand to the district court to consider these fees under a prevailing party analysis. Accordingly, we affirm the portion of the district court's judgment awarding attorney fees to the prevailing parties, we reverse the portion of the judgment awarding attorney fees as damages, and we remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

11