# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID J. MITCHELL; LAS VEGAS
LAND PARTNERS, LLC; MEYER
PROPERTY LTD.; ZOE PROPERTY,
LLC; LEAH PROPERTY, LLC; WINK
ONE, LLC; AQUARIUS OWNER, LLC;
LVLP HOLDINGS, LLC; AND LIVE
WORKS TIC SUCCESSOR, LLC,
Appellants,
vs.
RUSSELL L. NYPE; REVENUE PLUS,
LLC; AND SHELLEY D. KROHN,
Respondents.

No. 80693

FILED

SEP 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a final judgment in an action for fraudulent conveyance, civil conspiracy, and alter ego liability. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

This case concerns respondents Russell Nype and Revenue Plus, LLC's (collectively Nype), ongoing attempt to collect an approximately $2.6 million judgment that they had previously been awarded against appellant Las Vegas Land Partners, LLC (LVLP), and several other related entities owned by appellants David Mitchell and Barnet Liberman.[1] Nype

---

[1]Although Liberman and related entity Casino Coolidge, LLC, did not participate in this appeal, we nevertheless elect to treat them as appellants. *See Bullion Mining Co. v. The Croesus Gold & Silver Mining Co.*, 3 Nev.

22-29877

was unsuccessful in collecting the original judgment and discovered that Mitchell and Liberman had taken deliberate steps to divert assets away from LVLP and the other original judgment debtors to other companies they owned or managed, including appellants Meyer Property, Ltd.; Zoe Property, LLC; Leah Property, LLC; Wink One, LLC; Aquarius Owner, LLC; LVLP Holdings, LLC; and Live Works TIC Successor, LLC (all appellants collectively referred to as Mitchell). Mitchell's actions effectively made the original judgment debtors insolvent and prevented Nype from satisfying the original judgment. Upon discovering Mitchell's deliberate conduct, Nype instituted the instant action against Mitchell, asserting claims for declaratory relief, fraudulent conveyance, civil conspiracy, constructive trust, and alter ego liability. The district court found in favor of Nype on his claims of fraudulent conveyance, civil conspiracy, and alter ego liability and awarded Nype a total of $15,148,339 in compensatory damages and roughly $4.5 million in attorney fees and costs as special damages.

Mitchell now argues, among other things, that these two awards were in error. As we explain below, the district court's compensatory damages award was erroneous because it exceeded the amount of damages Nype actually suffered. Further, we conclude that while the district court properly awarded Nype attorney fees and costs, the amount of the award was nevertheless erroneous because the district court did not properly consider the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969).

---

336, 340 (1867) (stating a judgment reversed as to one appellant may also be reversed to a non-party who is jointly liable for the same injury).

*The compensatory damages award to Nype was erroneous*

Mitchell argues that the district court's approximately $15 million award to Nype in compensatory damages is erroneous because the amount awarded exceeds the actual injury Nype suffered as a result of Mitchell's conspiratorial conduct. Mitchell contends that the amount awarded is equal to all of the profits he received during the conspiratorial time period. He posits that the awarded amount, instead, should not exceed the original judgment because that is the only injury Nype suffered.

Nype replies that the district court's award properly compensates him for the injury suffered as a result of the conspiratorial conduct. Namely, Nype contends that the award properly compensates him for (1) the amount of the previous judgment, (2) lost business opportunities, and (3) the emotional injury that he suffered.

The appropriateness of a damages award presents a mixed question of law and fact. "Whether a party is entitled to a particular measure of damages is a question of law reviewed de novo." *Dynalectric Co. of Nev., Inc. v. Clark & Sullivan Constructors, Inc.*, 127 Nev. 480, 483, 255 P.3d 286, 288 (2011) (internal quotation marks omitted). Further, the actual amount of damages awarded is a question of fact reviewed for an abuse of discretion. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 987, 879 P.2d 69, 71 (1994).

Historically, an award of compensatory damages is proper when the award is limited to the amount representing the actual injury or loss caused by the tortfeasor's wrongful conduct. *Quigley v. Cent. Pac. R.R. Co.*, 11 Nev. 350, 371 (1876). "The damage for which recovery may be had in a civil [conspiracy] action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." *Aldabe v. Adams*, 81 Nev. 280,

286, 402 P.2d 34, 37 (1965) (internal quotation marks omitted), *overruled on other grounds by Siragusa v. Brown*, 114 Nev. 1384, 1393, 971 P.2d 801, 807 (1998).

Having considered the parties' briefs and their supporting documentation, we conclude that the district court's compensatory damages award goes beyond merely compensating Nype for the injury he suffered. The district court awarded Nype $15,148,339 in compensatory damages relating to Mitchell's conspiracy to circumvent the satisfaction of the $2.6 million judgment. While the district court did not explain how this amount properly compensates Nype, it did determine that $15,148,339 represented the amount that Mitchell and Liberman received from the appellant entities as distributions from 2007 to 2016. Although it is not clear if this was the basis for the district court's award, relying on this figure would be erroneous. The injury Nype suffered because of Mitchell's conspiracy to evade satisfying the original judgment is not the amount of distributions Mitchell and Liberman received during the period of the ongoing conspiracy. Rather, the actual injury Nype suffered is the value of the original judgment, $2.6 million, along with whatever costs were incurred, post-judgment, attempting to satisfy the original judgment.[2] The injury a plaintiff suffers is not simply the amount a defendant may have available

---

[2]We recognize that Nype's injury is presently greater than just the original $2.6 million judgment because of the ongoing accrual of interest. Further, as we discuss below, Nype's injury also includes the attorney fees and costs incurred in litigating the instant appeal. Thus, on remand an appropriate award will consist of two components: (1) the original judgment, plus appropriate interest; and (2) costs and fees incurred post-judgment while attempting to satisfy the original judgment, including the costs and fees associated with this second suit.

to satisfy a judgment, obtained because of their tortious conduct.[3] *Miller v. Schnitzer*, 78 Nev. 301, 311 n.1, 371 P.2d 824, 830 n.1 (1962) (explaining "compensatory damages are designed to make the plaintiff whole for her injury, without reference to the defendant's ability to pay"), *abrogated on other grounds by Ace Truck and Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 507-08, 746 P.2d 132, 135-36 (1987), *abrogated on other grounds by Bongiovi v. Sullivan*, 122 Nev. 556, 583, 138 P.3d 433, 452 (2006). Further, we reject Nype's argument that the district court's award properly compensates him for other types of injuries he suffered, including lost business opportunities and emotional distress. Neither the district court's order nor the record on appeal demonstrates that Nype has presented sufficient evidence to support his claim that he suffered these types of injuries in a manner that would be compensable.

In summary, the district court's award goes beyond compensating Nype for the injuries actually suffered, and instead affords him a significant windfall. Accordingly, we vacate the district court's compensatory damages award and remand the issue for further consideration.

*The district court's decision to award respondent attorney fees was proper*

---

[3]The district court's award effectively operates as a disgorgement award, which is a measure of damages that is only available where statutorily authorized and is not a theory of recovery for a private plaintiff. Although LVLP's trustee was permitted to participate in the proceedings, the trustee did not assert a disgorgement claim and, therefore, recovery measured in this manner is not appropriate.

SUPREME COURT
OF
NEVADA

(O) 1947A

Mitchell contends that Nype was erroneously allowed to seek recovery of attorney fees and costs as special damages.

This court reviews a party's eligibility to recover attorney fees, as it implicates a question of law, de novo. *Pardee Homes of Nev. v. Wolfram*, 135 Nev. 173, 176, 444 P.3d 423, 425-26 (2019). Attorney fees may be awarded as either (1) "fees as a cost of litigation" or (2) "fees as an element of damage[s]." *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955, 35 P.3d 964, 968-69 (2001), *receded from on other grounds by Horgan v. Felton,* 123 Nev. 577, 170 P.3d 982 (2007), and *Liu v. Christopher Homes, LLC*, 130 Nev. 147, 321 P.3d 875 (2014); *see also Sumner Hill Homeowners' Ass'n, Inc. v. Rio Mesa Holdings, LLC*, 141 Cal. Rptr. 3d 109, 138 (Ct. App. 2012) (explaining attorney fees may be awarded as damages or as fees, with the latter concerning an attorney's mode of compensation and the former concerning "damages wrongfully caused by [the] defendant's improper actions." (alteration in the original) (internal quotation marks omitted)). Where attorney fees are awarded under the first basis, this court has adopted the American Rule—recovery is prohibited absent authorization by agreement, statute or rule. *Pardee Homes of Nev.*, 135 Nev. at 177, 444 P.3d at 426.

Nevada's flagship case addressing attorney fees as an element of damages is *Sandy Valley*. In *Sandy Valley*, we did not adopt an express test for determining when attorney fees are considered an element of damages, but instead expressed that such fees are recoverable when the fees are "the natural and proximate consequence of the [defendant's] injurious conduct." 117 Nev. at 957, 35 P.3d at 969. We also provided the following three examples of when attorney fees may be considered a recoverable element of damages: (1) "when a party claims it has incurred

attorney fees as foreseeable damages arising from tortious conduct or a breach of contract," *id.* at 956, 35 P.3d at 969; (2) when a party incurs fees "in recovering real or personal property acquired through the wrongful conduct of the defendant or in clarifying or removing a cloud upon the title to property," *id.* at 957, 35 P.3d at 970; or (3) in "actions for declaratory or injunctive relief . . . when the actions were necessitated by the opposing party's bad faith conduct," *id.* at 958, 35 P.3d at 970.

Since *Sandy Valley*, we have clarified when attorney fees as special damages are appropriate. For instance, the ability to recover under the first example has been narrowed by requiring that the resulting attorney fees arise from more than simply the costs incurred as part of "prosecuting a breach-of-contract action." *Wolfram*, 135 Nev. at 178, 444 P.3d at 426. Similarly, with respect to the second example, attorney fees are allowable only as special damages in slander of title actions rather than all actions prosecuting issues regarding a cloud on title. *Horgan v. Felton*, 123 Nev. 577, 586, 170 P.3d 982, 988 (2007). Specifically, we stated that

> attorney fees are permissible as special damages [only] in slander of title actions because "the defendant . . . by intentional and calculated action leaves the plaintiff with only one course of action: that is, litigation . . . . Fairness requires the plaintiff to have some recourse against the intentional malicious acts of the defendant."

*Id.* at 585, 170 P.3d at 987-88 (quoting *Rorvig v. Douglas*, 873 P.2d 492, 497 (Wash. 1994); *see also Sumner Hill Homeowners' Ass'n*, 141 Cal. Rptr. 3d at 138 (reaching the same conclusion). Since *Sandy Valley*, we have narrowly construed a party's ability to recover attorney fees as special damages to instances where attorney fees were incurred because, as a result of the defendant's intentional efforts, the plaintiff had no other choice but to

litigate. *See Liu v. Christopher Homes, LLC,* 130 Nev. 147, 155-56, 321 P.3d 875, 880 (2014) (holding appellant could properly seek attorney fees as special damages in a third-party breach of contract action against respondent).

In conclusion, a common thread runs throughout *Sandy Valley* and its progeny—attorney fees are special damages only when, due to a defendant's intentional wrongful conduct, litigation is absolutely necessary to vindicate the party's rights.

Mitchell contends that because Nype's action was not of the type given as an example in *Sandy Valley*, his attorney fees were simply a cost of litigation and, therefore, should not have been recoverable. We disagree. While couched in varying causes of action, the gravamen of Nype's complaint seeks to recover a previous judgment against LVLP, which up to this point Nype has been unsuccessful in collecting because Mitchell has deliberately acted in such a manner so as to prevent Nype from satisfying the original judgment. Numerous similarities can be drawn between Nype's situation and a cause of action for slander of title. Specifically, much like a plaintiff who is compelled to litigate to clear title to property because of a defendant's intentional action, here, for Nype to satisfy the original judgment against LVLP, it has become absolutely necessary for him to bring this instant action against Mitchell, Liberman, and all of the related appellant entities to satisfy the original judgment. Mitchell's actions have made the present action absolutely necessary. Nype's expenses amount to more than just the cost of litigation, and instead constitute a portion of the damages that have been proximately caused by Mitchell's deliberate actions. Thus, while there are undoubtedly differences between Nype's action and an action for slander of title, the similarities, as they relate to

SUPREME COURT
OF
NEVADA

(O) 1947A

8

this issue, are significant. As such, we conclude that Nype was properly eligible to recover attorney fees as special damages.[4]

However, while we conclude that Nype could properly seek to recover attorney fees incurred in the present litigation[5] as special damages, we nevertheless vacate the district court's award on the grounds that the district court failed to conduct a proper analysis of the appropriate fees under *Brunzell*. *Cf. Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014) (stating a district court's failure to analyze the appropriateness of an award of attorney fees under *Brunzell* constitutes an abuse of discretion).

Accordingly, while we conclude Nype could seek recovery of attorney fees, we nevertheless vacate the district court's judgment with respect to its award of attorney fees. On remand, the district court is to reconsider the appropriate amount of attorney fees in light of the *Brunzell* factors and the foregoing discussion. Accordingly, we

---

[4]Alternatively, Mitchell argues that Nype failed to sufficiently plead the request for attorney fees as special damages under NRCP 9(g). We disagree. We construe Rule 9(g) liberally as necessitating that a party need only "notify the opposing party and the court of the nature of the damages and enable the preparation of a responsive pleading." 5A Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1311 (4th ed. Update 2022). Nype, by requesting attorney fees as part of each cause of action in the complaint, sufficiently satisfied this standard.

[5]Our conclusion above only permits Nype to recover the fees and costs incurred in this second suit. Any attorney fees and costs incurred while obtaining the original judgment are not recoverable.

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for further proceedings consistent with this order.[67]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Jerry Wiese, II, Chief Judge
Eighth Judicial District Court, Dept. 11
Paul M. Haire, Settlement Judge
E. Brent Bryson, P.C.
Cohen Johnson, LLC
John W. Muije & Associates
Eighth District Court Clerk

---

[6]We have also considered Mitchell's other arguments, including the challenge to the sufficiency of the evidence, and conclude each of those arguments are without merit. As such, we affirm the district court's order in all other respects.

[7]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A