# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG A. MUELLER,
Appellant,
vs.
CRISTINA A. HINDS,
Respondent.

No. 83412

CRISTINA A. HINDS,
Appellant,
vs.
CRAIG A. MUELLER,
Respondent.

No. 84077

FILED

NOV 03 2022

ELIZABETH A. [illegible]
CLERK S[illegible]
BY [illegible]
DEPUTY C[illegible]

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

These are consolidated appeals from district court orders denying a motion to set aside or modify a divorce decree and marital settlement agreement and denying a request for attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; Rebecca Burton, Judge.[1]

Respondent/appellant Cristina Hinds filed for divorce from appellant/respondent Craig Mueller in 2018. On June 20, 2019, during Cristina's deposition, the parties reached a marital settlement agreement (MSA) concerning the division of community property and placed the terms of that agreement on the record pursuant to EDCR 7.50 (requiring agreements to be in writing or "entered in the minutes in the form of an order" to be effective). On July 28 and 29, 2019, the parties signed the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

22-34523

written MSA, and, on July 29, 2019, the district court entered a stipulated decree of divorce, incorporating the MSA.

A few months later, Cristina moved to hold Craig in contempt of court, largely due to his failure to make the property equalization payment provided in the MSA. Craig opposed and filed a countermotion seeking to set aside or modify the MSA. Throughout the litigation, both parties made multiple requests for an award of attorney fees and costs as sanctions and pursuant to the MSA's provision entitling the prevailing party to reasonable attorney fees and costs for any action to enforce or interpret the MSA. At some point, Cristina conceded that, after the parties reached a settlement but before they signed the written MSA, she had taken $36,871 from a joint account that the MSA awarded to Craig. She then agreed that Craig should be entitled to an offset from the property equalization payment in that amount. After an evidentiary hearing, the district court granted Cristina's request to enforce the MSA's property equalization payment requirement subject to the offset, denied each of Craig's requests, and ordered that Cristina should be awarded her attorney fees and costs from the date she agreed to the offset. The district court set a 15-day deadline for Cristina to submit a memorandum of fees and costs; Cristina filed her memorandum one day late and the district court entered an order declining to award any fees or costs. Both parties now appeal.

In Docket No. 83412, Craig appeals from the district court's order denying his request to modify or set aside the MSA. We first reject Craig's argument that the MSA was not a valid, binding contract due to lack of material terms or mutual assent. *See Grisham v. Grisham*, 128 Nev. 679, 685, 289 P.3d 230, 234-35 (2012) (providing that "a stipulated settlement agreement requires mutual assent" and must include material terms which

are "[ ]sufficiently certain and definite for a court to ascertain what is required of the respective parties" (internal citation and quotation marks omitted)). The record contains substantial evidence that the parties agreed to all material terms at the time of Cristina's deposition, including a division of assets and the amount of the community property equalization award.[2] *See May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005) (explaining that, when determining whether a contract exists, this court will "defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence"). Moreover, both parties affirmed under oath at that deposition that all material terms had been addressed and that they intended the agreement to be enforceable pursuant to EDCR 7.50. And, because the MSA was already a binding agreement before Cristina withdrew the money from their joint account, we agree with the district court that Craig failed to prove that Cristina fraudulently induced him to enter into the MSA. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 227, 290-91, 89 P.3d 1009, 1018 (2004) (listing elements to prove fraudulent inducement and holding that a party must prove by clear and convincing evidence that they justifiably relied upon a misrepresentation by the other party which was intended to induce them to enter into a contract); *Havas v. Alger*, 85 Nev. 627, 631, 461 P.2d 857, 860 (1969) ("Fraud is never presumed; it must be clearly and satisfactorily proved.").

---

[2]To the extent that Craig argues on appeal that the MSA was not binding until they signed it in July 2019, he acknowledged in his pretrial brief that the MSA was a binding settlement when they agreed to its terms on June 20, 2019.

We also reject Craig's argument that the district court failed to adjudicate his pretrial motion pursuant to NRS 125.150(3) (concerning postjudgment motions to adjudicate community property omitted from the divorce decree by fraud or mistake).[3] Substantial evidence supports the court's findings that there was a full and fair disclosure of all accounts when the parties reached their settlement, and that Craig failed to identify any community assets that were missing or omitted from the MSA. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (providing that this court will give deference to and uphold a district court's factual findings if they are supported by substantial evidence).

Substantial evidence also supports the district court's finding that Craig failed to provide credible evidence to support his claim that Cristina's act of withdrawing the money from their joint account made it impossible for him to perform under the MSA. *See id.* Craig argues that he needed that money to serve as collateral for a loan to make the property equalization payment, but he fails to point to anything in the record to show that he formally applied for a loan, or that he was denied a loan for want of those funds, and we will not reweigh the district court's credibility determination on appeal.[4] *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d

---

[3]The record belies Craig's contention that the district court found he waived the right to bring a motion pursuant to NRS 125.150(3). Rather, the district court pointed out that, pursuant to the terms of the MSA, Craig waived the right to any further discovery and agreed to settle all claims in the divorce case. *Cf. Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (explaining that "clear and unambiguous [language in a] contract will be enforced as written").

[4]While the parties agree they contemplated that Craig would have to obtain a loan to make the property equalization payment, they also agree

SUPREME COURT
OF
NEVADA

4

239, 244 (2007) (refusing to reweigh the district court's credibility determinations). We also reject Craig's argument that Cristina's breach of the MSA by withdrawing funds from their joint savings account was material, as the record does not demonstrate that this act "affect[ed] the purpose of the contract in an important or vital way"; thus he was not excused from performing his obligations under the MSA. *Crowley v. Epicept Corp.*, 883 F.3d 739, 746-47 (9th Cir. 2018). Finally, we are not persuaded by Craig's arguments that he, not Cristina, was the prevailing party, as the district court granted Cristina's request to enforce the MSA and it denied each of Craig's requests.[5] *See Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 485-86, 851 P.2d 459, 464 (1993) ("A plaintiff may be considered the prevailing party for attorney's fee purposes if it succeeds on any significant issue in litigation which achieves some of the benefit . . . sought in bringing the suit."). Accordingly, we affirm the district court's judgment in Docket No. 83412.

In Docket No. 84077, Cristina appeals from the district court's order denying her motion for attorney fees and costs. Reviewing de novo, we conclude that the district court erred when it relied on NRCP 54(d)(2)(C) in denying Cristina's motion. *See Pardee Homes of Nev. v. Wolfram*, 135 Nev. 173, 176, 444 P.3d 423, 425-26 (2019) (explaining that this court reviews attorney fees decisions de novo when the matter implicates questions of law). While the district court is correct that NRCP 54(d)(2)(C) prohibits it from extending the time for a party to file a motion for attorney

---

that Craig obtaining the loan was not a condition precedent to him paying Cristina by the deadline set in the MSA.

[5]We decline Cristina's request to impose sanctions on Craig for providing an inadequate appendix.

(O) 1947A

fees after the time to do so has expired, Cristina timely filed her motion for fees before trial. Because Cristina's motion for attorney fees and costs was timely filed, NRCP 54(d)(2)(C) did not constrain the district court's ability to extend the deadline for Cristina to file her supporting memorandum and related documents.[6] *See* NRCP 54(d)(2)(C) ("The court may not extend the time for filing the *motion* after the time has expired." (emphasis added)). Accordingly, we reverse the district court's order denying Cristina her attorney fees and costs and remand for the court to consider whether to extend the deadline for Cristina to file her memorandum. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[7]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc: Hon. Rebecca Burton, District Judge, Family Court Division
Willick Law Group
McAvoy Amaya & Revero, Attorneys
Eighth District Court Clerk

---

[6]Given our conclusion, we need not reach Cristina's remaining arguments.

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.